# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 04-193-SLR |
| | ) |
| WARDEN CARROLL, LARRY MCGUIGAN, NURSE BRYANT, LT. STANTON, CPT MERSON, CPT. SAGAR, NATE GARDELS, CPT. BELANGER, MICHAEL ALLEN, and INTERNAL AFFAIRS, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR INTERROGATORIES AND PRODUCTION OF DOCUMENTS

Defendants Warden Thomas Carroll, Deputy Warden Larry McGuigan, Corporal Lise Merson, Captain Clyde Sagers, Officer James Gardels, Captain Joseph Belanger, Internal Affairs, and Officer Michael Allen ("State Defendants") hereby respond to Plaintiff's Request for Interrogatories ("Interrogatories"):

## GENERAL OBJECTIONS

1. State Defendants object to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. State Defendants object to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. State Defendants object to the Interrogatories to the extent that they

purport to place duties upon the State Defendants not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. State Defendants object to the Interrogatories to the extent that they purport to seek information or documents not in the possession, custody or control of the State Defendants.

5. State Defendants object to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by the State Defendants, but will not be produced.

6. State Defendants object to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. State Defendants object to the Interrogatories to the extent that they seek the production of documents generated by or received from counsel for State Defendants in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in State Defendants' Responses, State Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1. State the duties of defendant Bryant, Medical administrator of Delaware Correctional Center ("Smyrna"). If these duties are set forth in any job description or other document, produce the document.

**RESPONSE:** Objection.  This Interrogatory seeks information not within the knowledge or control of State Defendants.

  2. State the duties of defendant Larry McGuigan, Deputy Warden for administration at Smyrna.  If these duties are set forth in any job description or other document, produce the document.

**RESPONSE:** Larry McGuigan is the Deputy Warden at DCC.  He reports to the warden and assists with the daily operations of the facility.

  3. State the names, titles, and duties of all staff members at Smyrna other than defendant Nurse Bryant who had responsibility for ensuring the inmates' requests for medical attention.  If those duties are set forth in any job description or other document, produce the document.

**RESPONSE:** Objection.  This Interrogatory is vague, overly broad and unduly burdensome and seeks information not within the knowledge or control of State Defendants.

  4. State the procedure in effect during December, 2003 at Smyrna for conducting sick call, including the procedure by which inmates sign up for or request sick call.  If the procedure is different for segregation inmates than for general population inmates, state both procedures.  If those procedures are set forth in any policy, directive, or other document, produce the document.

**RESPONSE:** Objection.  This Interrogatory seeks information not relevant to the claims set forth in the complaint nor reasonably calculated to lead to the discovery of admissible evidence.  Further objection that this Interrogatory seeks production of confidential information protected from discovery by 11 *Del. C.* § 4322.  Without waiving these

objections, in the maximum housing unit, the inmate obtains a sick call slip from an officer on the cell block or from a member of the medical staff on the cell block. The inmate then returns the sick call slip to either medical staff or an officer. If the sick call slip is returned to an officer, the officer forwards the slip to the medical department.

5. State the names, titles, and duties of all staff members at Smyrna who have responsibility to, investigate or deciding inmate grievance. If those duties are set forth in any job description, policy, directives or other documents, produce the document.

**RESPONSE:** Objection. This Interrogatory seeks production of confidential information protected from discovery by 11 *Del. C.* § 4322. Without waiving this objection, inmate grievances are handled by the individual(s) most knowledgeable with respect to the allegations set forth in the grievance.

6. State the procedure in effect during December, 2003 at Smyrna for responding to, investigating and deciding inmate grievance. If the procedure for handling grievance based on medical complaints is different from the procedure for handling other kinds of grievance, state both procedures. If these procedures are set forth in any directive, manual or other kind of document, produce the document.

**RESPONSE:** Objection. This Interrogatory seeks production of confidential information protected from discovery by 11 *Del. C.* § 4322. Without waiving this objection, DCC's Procedure No. 4.4, "Inmate Grievance Procedure," is available for plaintiffs' review upon request directed to the tier officer, the grievance officer or the law library. Both medical grievances and non-medical grievances are handled in the same manner.

As to Objections:

                                        **STATE OF DELAWARE**
                                        **DEPARTMENT OF JUSTICE**

                                        /s/ Eileen Kelly
                                        Eileen Kelly, I.D. No. 2884
                                        Deputy Attorney General
                                        Carvel State Office Building
                                        820 North French Street, 6th fl.
                                        Wilmington, DE 19801
                                        (302) 577-8400
                                        eileen.kelly@state.de.us
                                        Attorney for State Defendants

Dated: August 29, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2005, I electronically filed *State Defendants' Response to Plaintiff's Request for Interrogatories and Production of Documents* with the Clerk of Court using CM/ECF. I hereby certify that on August 29, 2005, I have mailed by United States Postal Service, the document to the following non-registered party: Anibal Melendez

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us