IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANIBAL MELENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-193-SLR |
| | ) | |
| WARDEN CARROLL, LARRY | ) | |
| MCGUIGAN, NURSE BRYANT, LT. | ) | |
| STANTON, CPT MERSON, CPT. SAGAR, | ) | |
| NATE GARDELS, CPT. BELANGER, | ) | |
| MICHAEL ALLEN, and INTERNAL | ) | |
| AFFAIRS, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Warden Thomas Carroll, Deputy Warden Larry McGuigan, Corporal Lise Merson, Captain Clyde Sagers, Officer James Gardels, Captain Joseph Belanger, Internal Affairs, and Officer Michael ("State Defendants") hereby respond to Plaintiff's First Request for Production of Documents ("Request for Production"):

**GENERAL OBJECTIONS**

1.    State Defendants object to the Request for Production to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.    State Defendants object to the Request for Production to the extent that it purports to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.    State Defendants object to the Request for Production to the extent that it

purports to place duties upon the State Defendants not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. State Defendants object to the Request for Production to the extent that it purports to seek information or documents not in the possession, custody or control of the State Defendants.

5. State Defendants object to the Request for Production to the extent that it seeks the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by the State Defendants, but will not be produced.

6. State Defendants object to the Request for Production to the extent that it purports to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. State Defendants object to the Request for Production to the extent that it seeks the production of documents generated by or received from counsel for State Defendants in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## **RESPONSES**

Subject to, and without waiver of the foregoing General Objections and those set forth in State Defendants' Responses, State Defendants respond, after a reasonable search, and subject to supplementation, as follows:

1. Any and all grievance, complaints, or other documents received by the defendants or their agent at Smyrna concerning mistreatment of inmates by defendants Gardells or Allen and any memorandums, investigative files, or other documents created

in response to such documents, since December 18, 2002.

**RESPONSE:** Objection. This Interrogatory seeks production of confidential information protected from discovery by 11 *Del. C.* § 4322 and by 29 *Del. C.* § 10001. Further objection that this Interrogatory is overly broad, vague and unduly burdensome.

    2.    Any and all policies, directives, or instruction to staff concerning the use of force by Smyrna staff.

**RESPONSE:** Objection. This Interrogatory seeks production of confidential information protected from discovery by 11 *Del. C.* § 4322.

    3.    Any and all policies, directives, or instruction to staff governing sick call procedures, both in general population and in segregation.

**RESPONSE:** Objection. This Interrogatory seeks production of confidential information protected from discovery by 11 *Del. C.* § 4322. Without waiving this objection, see Response to Interrogatory No. 4.

    4.    All sick call request sheets from the period December 18, 2003 to the date of your responses.

**RESPONSE:** Objection. This Interrogatory is overly broad, vague and unduly burdensome. Without waiving this objection, see Plaintiff's medical records, attached hereto.

    5.    The plaintiff's complete medical records from December 18, 2003 to the date of your response.

**RESPONSE:** See Response to Request No. 4.

    6.    Any logs, list, or other documentation reflecting grievance filed by Smyrna inmate from January 1, 2004 to the day of your response.

**RESPONSE:** Objection. This Interrogatory seeks production of confidential information protected from discovery by 11 *Del. C.* § 4322. Further objection that this Interrogatory is overly broad, vague and unduly burdensome. Without waiving this objection, see Plaintiff's grievances, attached hereto.

7. Any and all document, created by any Smyrna staff member in response to a grievance filed by the plaintiff in January 1, 2004 to the date of your response.

**RESPONSE:** See Response to Request No. 6.

8. Any and all documents created by any Smyrna staff member from December 18, 2003 to the date concerning the plaintiff medical care and not included 5, 6 or 7 of this request.

**RESPONSE:** There are none.

                                                **STATE OF DELAWARE**
                                                **DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th fl.
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us
Attorney for State Defendants

Dated: August 29, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2005, I electronically filed *State Defendants' Response to Plaintiff's Requst for Production of Documents* with the Clerk of Court using CM/ECF. I hereby certify that on August 29, 2005, I have mailed by United States Postal Service, the document to the following non-registered party: Anibal Melendez

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us