IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANIBAL MELENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-193-SLR |
| | ) | |
| WARDEN CARROLL, LARRY MCGUIGAN, BETTY BRIAN, LT. STAIN, CPT MERSON, CPT. SAGAR, NATE GARDELS, CPT. BELANGER, MICHAEL ALLEN, and INTERNAL AFFAIRS, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LT. JAMES STANTON'S ANSWER TO THE COMPLAINT**

COMES NOW the Defendant Lt. James Stanton, by and through the undersigned counsel, and hereby answers the Complaint as follows:

Preliminary Statement

This paragraph states a legal conclusion/argument to which no response is required.

Jurisdiction

1. Denied.

2. Admitted.

The Parties

3. Denied as stated. Admitted that Plaintiff was incarcerated at the Delaware Correctional Center ("DCC") on or about December 7, 2003.

4. Denied as stated. It is admitted that Defendants *James Gardels* and Michael Allen are correctional officers at DCC. The remaining allegations of this paragraph state a legal argument/conclusion to which no response is required.

5. Denied as stated. It is admitted that *Lt. James Stanton* is a correctional lieutenant at DCC. The remaining allegations of this paragraph state a legal argument/conclusion to which no response is required.

6. Denied that there is an individual named "Betty Brian" employed by DOC at DCC. The remaining allegations of this paragraph state a legal argument/conclusion to which no response is required.

7. Denied, except that it is admitted that Defendant Larry McGuigan is a Deputy Warden at DCC. The last sentence of this paragraph states a legal argument/conclusion to which no response is required.

8. The first sentence is admitted. The second sentence of this paragraph states a legal argument/conclusion to which no response is required.

9. Denied at stated. It is admitted that Defendant Joseph Belanger is a Captain at DCC. The last sentence of this paragraph states a legal argument/conclusion to which no response is required.

10. Denied as stated. It is further denied that "Internal Affairs" is an individual or entity subject to suit.

11. Denied as stated. It is admitted that Defendant Corporal Lise Merson is the Inmate Grievance Chair. The last sentence of this paragraph states a legal argument/conclusion to which no response is required.

12. Denied, except that it is admitted that Defendant Thomas Carroll is the Warden at DCC. The last sentence of this paragraph states a legal argument/conclusion to which no response is required.

The Facts

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied. It is specifically denied that Defendants Gardels and/or Allen assaulted Plaintiff or engaged in any other wrongdoing towards Plaintiff or caused any injury to Plaintiff.

21. Denied. It is specifically denied that Defendants Gardels and/or Allen assaulted Plaintiff or engaged in any other wrongdoing towards Plaintiff or caused any injury to Plaintiff.

22. Denied as stated. Admitted that Defendants Gardels and Allen are correctional officers at DCC.

23. Denied.

24. Denied. It is specifically denied that Defendants Gardels and/or Allen, or any other correctional officer at DCC, assaulted Plaintiff or engaged in any other wrongdoing towards Plaintiff or caused any injury to Plaintiff.

25.  Denied. It is specifically denied that Defendants Gardels and/or Allen assaulted Plaintiff or engaged in any other wrongdoing towards Plaintiff or caused any injury to Plaintiff.

26.  Denied. It is specifically denied that Defendants Gardels and/or Allen assaulted Plaintiff or engaged in any other wrongdoing towards Plaintiff or caused any injury to Plaintiff. It is further denied that Plaintiff was transported to the DCC infirmary on the date in question.

27.  Denied. It is specifically denied that Defendants Gardels and/or Allen assaulted Plaintiff or engaged in any other wrongdoing towards Plaintiff or caused any injury to Plaintiff. It is further denied that Plaintiff was transported to the DCC infirmary on the date in question. Answering Defendant is without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

28.  Denied.

29.  Denied as to Defendant Lt. James Stanton. It is specifically denied that Defendant Lt. James Stanton engaged in any wrongdoing towards Plaintiff or caused any injury to Plaintiff. Answering defendants is without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

30.  Denied. It is specifically denied that Plaintiff has submitted sick call requests or grievances pertaining to any incident occurring on December 7, 2003.

31.  Denied that there is, or was on December 7, 2003, a "Betty Brian" employed by DOC at DCC. Answering Defendant is without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

32.  Denied that Defendants Gardels and/or Allen assaulted Plaintiff or

4

engaged in any other wrongdoing towards Plaintiff or caused any injury to Plaintiff. Answering Defendant is without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

Claims for Relief

33. Denied. It is specifically denied that Defendants Gardels and/or Allen assaulted Plaintiff or engaged in any other wrongdoing towards Plaintiff or caused any injury to Plaintiff.

34. Denied. It is specifically denied that Defendants Gardels and/or Allen assaulted Plaintiff or engaged in any other wrongdoing towards Plaintiff or caused any injury to Plaintiff.

35. Denied. It is specifically denied that Defendants Gardels and/or Allen assaulted Plaintiff or engaged in any other wrongdoing towards Plaintiff or caused any injury to Plaintiff.

36. Denied. It is specifically denied that there is, or was on December 7, 2003, a "Betty Brian" employed by DOC at DCC. Further, it is specifically denied that Defendants Gardels and/or Allen assaulted Plaintiff or engaged in any other wrongdoing towards Plaintiff or caused any injury to Plaintiff.

**RELIEF**

1. It is specifically denied that plaintiff is entitled to compensatory damages or punitive damages.

2. It is specifically denied that plaintiff is entitled to injunctive or any other relief.

**AFFIRMATIVE DEFENSES**

3. Plaintiff has failed to state a claim upon which relief can be granted.

4. Plaintiff has failed to exhaust his administrative remedies.

5. Answering Defendant is immune from liability under the Eleventh Amendment.

6. Answering Defendant is entitled to qualified immunity.

*7.* As to any claims under state law, Answering Defendant is entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

8. As to any claims under state law, Answering Defendant is entitled to sovereign immunity in his official capacity.

9. Answering Defendant cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

10. To the extent that Plaintiff seeks to hold Answering Defendant liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

11. Answering Defendant, in his official capacity, is not liable for alleged violations of Plaintiff's constitutional rights as he is not a "person" within the meaning of 42 *U.S.C.* § 1983.

12. Insufficiency of service of process.

13. Insufficiency of process.

14. Lack of jurisdiction over the person and subject matter.

WHEREFORE, Defendant Lt. James Stanton respectfully requests that judgment be entered in his favor and against Plaintiff as to all claims and that attorney fees be awarded to Defendant.

                              STATE OF DELAWARE
                              DEPARTMENT OF JUSTICE

                              /s/ Eileen Kelly
                              Eileen Kelly, I.D. #2884
                              Deputy Attorney General
                              Carvel State Office Building
                              820 North French Street, 6th Floor
                              Wilmington, Delaware 19801
                              (302) 577-8400
Date:  October 4, 2005             Attorney for Defendant Lt. James Stanton

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2005, I electronically filed *Defendant Lt James Stanton's Answer to the Complaint* with the Clerk of Court using CM/ECF.  I hereby certify that on October 4, 2005, I have mailed by United States Postal Service, the document to the following non-registered party:  Anibal Melendez

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us