# Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2009369 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**C**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Darryl M. EVANS, Plaintiff,
v.
DIVISION OF PROBATION AND PAROLE,
Mike Records, John Huff, and Kurt Hudson,
Defendants.
**No. Civ.A. 03-869-KAJ.**

Aug. 25, 2004.

Darryl M. Evans, Smyrna, DE, pro se.

MEMORANDUM ORDER

JORDAN, J.

## I. STANDARD OF REVIEW

*1 Plaintiff Darryl M. Evans ("Evans"), SBI # 205832, is a *pro se* litigant who was incarcerated at the Central Violation of Probation Center ("CVOP") in Smyrna, Delaware at the time he filed this complaint. Evans filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether the Evans is eligible for pauper status. The Court granted Evans leave to proceed *in forma pauperis* on September 26, 2003, and determined that Evans had no assets with which to pay an initial partial filing fee. Nonetheless, the Court ordered Evans to file an authorization form within thirty days, or the complaint would be dismissed. Evans filed the authorization form on October 8, 2003.

Once the pauper determination is made, the Court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1). FN1 If the Court finds Evans' complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the complaint.

> FN1. These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an *in forma pauperis* complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner *in forma pauperis* complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

When reviewing complaints pursuant to 28 U.S.C. § § 1915(e)(2)(B)-1915A(b)(1), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6). *See Neal v. Pennsylvania Bd. of Prob. & Parole,* No. 96-7923, 1997 WL 338838 (E.D.Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ' *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 2

Not Reported in F.Supp.2d, 2004 WL 2009369 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The United States Supreme Court has held that § 1915(e)(2)(B)'s term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). FN2 Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Id.* As discussed below, Evans' claim has no arguable basis in law or in fact, and shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

> FN2. *Neitzke* applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

## II. DISCUSSION

### A. The Complaint

Evans alleges that on August 13, 2003, he asked to see John Huff ("Huff") to have a motion notarized, but Huff was not available. Evans further alleges that on August 15, 2003, he asked to see Mike Records ("Records"), because Huff was not available. Evans alleges that on August 27, 2003, Kurt Hudson ("Hudson") told him to file his motion in Family Court with a notation "no notary available." (D.I. 2 at p. 3a) Evans further alleges that on August 29, 2003, he mailed the motion to the Family Court. Evans also alleges that on August 29, 2003, he called the Family Court and was told that the court would not accept the motion without a notary. Evans alleges that he spoke to Lt McDonald ("McDonald") who told Evans that if the motion was returned, McDonald would arrange to have someone from the Department of Correction notarize his motion. (*Id.*) Evans requests $300,000 for "mental anguish, mental cruelty, discrimination and providing false information." (*Id.*) On September 26, 2003, Evans filed a motion for appointment of counsel. (D.I.6) On October 8, 2003, Evans filed a second motion for appointment of counsel. (D.I.8) Because the Court finds that Evans' complaint is frivolous, the motions for appointment of counsel shall be denied as moot.

### B. Analysis

#### 1. Evans' Access to the Courts Claim

*2 To the extent that Evans is alleging that Huff, Records and Hudson have violated his right to access the courts, his claim must fail. Prisoners possess the constitutional right of meaningful access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, the right does not mean Evans is entitled to have Probation Officers notarize motions for him at his convenience. *See Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Rather, the State must enable Evans to prepare a complaint and put his grievance before the court. *See Id.* at 360. Furthermore, in order to prevail on this claim, Evans must allege that he suffered an actual injury. *See Id.* at 351. An actual injury means that Evans was unable to put before a court, an arguable legal claim relating to his conviction, sentence or conditions of confinement. *See Id.* at 354.

Although Evans alleges that he was told that he could not file an unnotarized motion in the Family Court, he has not alleged that his motion was returned, or that he suffered any adverse consequences. Consequently, Evans' claim that Huff, Records and Hudson have violated his right to access the courts has no arguable basis in law or in fact. Therefore, this claim shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 3

Not Reported in F.Supp.2d, 2004 WL 2009369 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

#### 2. Sovereign and Eleventh Amendment Immunity

Evans has not included specific allegations in his complaint against the Division of Probation and Parole. Nonetheless, his claims against it must fail. To state a claim under 42 U.S.C. § 1983, Evans must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citing *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (overruled in part on other grounds not relevant here by, *Daniels v. Williams,* 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). " [T]he Supreme Court has held that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Ospina v. Dep't of Corrections, State of Delaware,* 749 F.Supp. 572, 577 (D.Del.1991)(citing *Wills v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Furthermore, "[a]bsent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir.1981) (citing *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (*per curiam* )). The Division of Probation and Parole is an agency of the State of Delaware. The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Dep't of Corrections,* 749 F.Supp. at 579. Consequently, Evans' claim against the DOC has no arguable basis in law or in fact. Therefore, Evans' claim against the DOC is frivolous and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

#### 3. Absence of Physical Injury Required by § 1997e(e)

*\*3* Evans does not allege that he suffered any physical injury as a result of not having his motion notarized. Nonetheless, he requests that the Court order the defendants to compensate him for "false information." (*Id.*) When Congress enacted the PLRA, it limited the types of law suits prisoners could bring for damages. Specifically, § 1997e(e) of the PLRA, entitled "Limitation on Recovery," provides:
No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Third Circuit has held that "[u]nder § 1997e(e), however, in order to bring a claim for mental or emotional injury, suffered while in custody, a prisoner must allege physical injury." *Allah v. Al-Hafeez,* 226 F.3d 247, 250 (3d Cir.2000). Section 1997e(e) limits recovery of compensatory damages, but does not bar prisoners from seeking nominal damages or punitive damages to vindicate constitutional rights. *See id.,* at 251; *Doe v. Delie,* 257 F.3d 309, 314 (3d Cir.2001). Therefore, to the extent that Evans is seeking compensatory damages, his claim is barred by § 1997e(e). Furthermore, Evans cannot recover nominal or punitive damages because the Court has determined that his claim is frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

NOW THEREFORE, this 25th day of August, 2004, IT IS HEREBY ORDERED that:

1. Evans' Motions for Appointment of Counsel (D.I. 6; D.I.8) are DENIED as MOOT.

2. Evans' complaint is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

D.Del.,2004.
Evans v. Division of Probation and Parole
Not Reported in F.Supp.2d, 2004 WL 2009369 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00869 (Docket) (Sep. 10, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.