IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Anibal Melendez
    Plaintiff

V.

Thomas L. Carroll
    et al.
    Defendants.

C.A. No. 04-193-SLR

## PLAINTIFF'S ANSWER to STATE DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT

### STATEMENT OF FACTS

1. This prisoner civil rights action was file by the Pro se Plaintiff Anibal Melendez. Plaintiff on March 30, 2004 pursuant to 42 U.S.C. §1983. Plaintiff names as defendants Warden Thomas Carroll, Deputy Warden McGuigan, Cpl. Lise Merson, Cpl. Sager, C/O Harderlls, Cpl. Belanger, C/O Allen and Internal Affairs. On March 4, 2005 Plaintiff amended the complaint to add Lt. Stanton as a defendant. He also added Health Care Provider Nurse Bryant as a defendant. Plaintiff asserts that he was subjected to excessive force by State Defendant and that he did not receive treatment for his injuries from the health care provider.



FILED

FEB 24 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned

# MEMORANDUM OF LAW

The Court shall denied a motion for summary judgment if "there is genuine as to any material fact and the moving party is not entitled to a judgment as a matter of law." An issue is genuine if the jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) The burden of proof is on the moving party to demonstrate the absence of material issues of fact, and inferences drawn from the fact must be viewed in the light most favorable to the nonmoving party. However, once the moving party advances evidence in support of its contentions, the nonmoving party must go beyond the pleading and introduce affidavits and other evidence that will create a genuine issue of fact in order to avoid summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)

There is genuine issue of material fact as to the liability of state defendants in their official capacities and, therefore, they are not entitled to judgment as a matter of law. Further, under the undisputed facts, state defendants Carroll, McGuigan, Sagers, Belanger, Stanton, Merson, and internal affairs can be held liable in their individual capacities and are not entitle to judgment.

1

I UNDER THE ELEVENTH AMENDMENT, STATE'S DEFENDANTS CAN BE HELD LIABLE IN THEIR OFFICIAL CAPACITIES.

In 1988 a panel of the court commented that, because the eleventh amendment protect the state specifically against suit in federal court a states general waiver of sovereing immunity will not suffice to waiver the immunity coffered by the eleventh amendment. Instead, a state statutory or costitutional provision will constitute a waiver of eleventh amendment immunity only if it contains an "unequivocal" statement of the state's intentions to subject itself to suit in federal court

II Internal Affairs cannot be held liable because it was person Plaintiff at this time will filed a motion to dismiss Internal affairs of this Class action suit

2

III STATE DEFENDANTS DID VIOLATE PLAINTIFF'S RIGHT
TO ADEQUATE MEDICAL CARE.

After the assault took place plaintiff informed Nurse Bryant of the assault and requested Medical attention for his injuries sustained as the result of the alleged assault and she denied plaintiff medical care by saying "I don't believe you"

Plaintiff receive medical care one day letter after he was submitted at the infirmary which resulted in violation of plaintiff eight amendments right to adequate medical care because plaintiff was treated one day letter which it was a delayed of medical needs for non-medical reason constitute deliberate indifference because the denial of the request cause plaintiff to experience suffering on the treat of tangible residual injury.

Therefore, on these facts, State defendants are not entitled to summary judment on plaintiff's claim of inadequate medical care

3

IV. STATE DEFENDANTS CARROLL, MCGUIGAN, STATON, MERSON SAGERS, BELANGER AND INTERNAL AFFAIRS VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

A. The 3rd Circuit has held that defendant in a civil action does not had to have personal involvment in the alleged assault to qualified per deliberty indifferent personal involvment can be show throught assertions of personal direction or actual knowlegment

Prior to the assault plaintiff advised Carroll, Meguigan, Sager, and internal affairs by letters and many aggrievants for months see Exhibits document page 23 of Murdell's wrongful conduct and therefor should be held liable for failure to take action

B. A supervisor official may be held liable for failure to take disciplinary action against him or otherwise control this behavior to curb the known partter of phisical abuse of plaintiff by defendant Murdell constituted deliberty indefferent

Therefor on this facts, state defendant are not entitled to Summary Judgment

5

V STATE DEFENDANTS CARROLL, MCMILLAN, STANTON, MERSON, SAGERS, BELANGER AND INTERNAL AFFAIRS ARE NOT ENTITLE TO QUALIFIED IMMUNITY IN THEIR INDIVIDUAL CAPACITIES.

With respect to plaintiff's claim of denial of medical care, State defendant delay and bar plaintiff access to care. plaintiff were taken to infirmary a day later when he try to commite suicid which it was a delay and cause plaintiff suffering. prison officials not entitled to qualified immunity because plaintiff demostrate that prison official violated clearly established when they were indeliberry indifferent to plaintiff's serious medical need.

State defendants Carroll, Migguigan, stanton, Sagers, Merson, Belanger and internal affairs does not made to have personal involment in the alleged assault to qualified immunity. Personal involment can be show throught assertion of personal direction or actual knowlegement. In this case State's defendant were place on notice of Mardells awful conduct, which violated plaintiff constitutional right because they failed to take action to curb the know pattern.

After plaintiff were place on notice of Mardell's wrongful conduct and they failed to investigate violated plaintiff constitutional rights because an investigation could have prevented the alleged assault

Plaintiff wrote defendant's and faled many aggrivance informing them that he is being abuse phisically and mentally by defendant Mardelle at least 5 month before the assault took place and the failure

5

to take disciplinary action against him or otherwise control his behavior to curb the known pattern of physical abuse of plaintiff by defendant Nardells constituted a violation of plaintiff constitutional rights.

State defendants Carroll, McGuigan, Stanton, Merson, Sagers, Belanger and internal affairs are not entitled to qualified immunity as a matter of law and can be held liable to plaintiff in their individual capacities.

WHEREFORE, plaintiff respectfully request that this court denial State defendants Motion for summary judgment

Anibal Melendez
1151 Paddock Rd
Smyrna, Del. 19977

Dated: February 14, 2006

# CERTIFICATE OF SERVICE

I, Anibal Melendez, hereby has render a true copy of the answer to state's defendants of their motion for partial summary Judgment and affidavits in supports by U.S. first class mail to the party below.

Eileen Kelly
820. N. French St
Wilmington De 19801

Peter T. Dalleo
844 King St
Wilmington Del 19801

Date: 2/12/06

Anibal Melendez
1181 Paddock Rd.
Smyrna Del 19877