(Rev. 4/77)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Anibal Melendez
(Enter above the full name of the plaintiff in this action)

V.

Carroll, Mesurgan, belty, Stain, merson,
Sager, Allen, Murdells, Belanger, Internal
affairs
(Enter above the full name of the defendant(s) in this action

I.   Previous lawsuits

   A.   Have you begun other lawsuits in state or federal courts dealing with the same facts involved in this action or otherwise relating to your imprisonment?
        YES [⊗] A.M   NO [✓]

   B.   If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

        1.   Parties to this previous lawsuit

        Plaintiffs _____

        _____

        Defendants _____

        _____

EXHIBIT B

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket number _____

4. Name of judge to whom case was assigned _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II.  A.  Is there a prisoner grievance procedure in this institution? Yes [✓] No [ ]

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes [✓] No [ ]

C. If your answer is YES,

1. What steps did you take? I put in an grievance complaning about what took place

2. What was the result? none

D. If your answer is NO, explain why not The first time they address the grievance to cpt. Sager, he didn't do anything, the second time they told me I cannot request disciplinary action when I never di

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes [✓] No [ ]

F. If your answer is YES,

1. What steps did you take? I wrote to internal affairs warden, Deputy warden, grievance, cpts

2. What was the result? none

-2-

On December 7th of 2003 I had a dispute with officer Mardells and Allen over the food trays. About fifteen minute later officers Mardells and Allen opened my cell door and said "Shake down" as I turned my back to put my jumpsuit on C/o Mardells walked in my cell and struck me on the head causing me to go down to the floor as I was laying on the floor C/o Allen came in and c/o Mardells and start kicking and punching me for several minutes, leaving me with serious bruises and injuries. I reported to the nurse and 4 x 12 shift for medical attention but nobody did anything to help me I wrote to internal affairs, Warden, Deputy warden cpts. I put in an grievance nobody have done anything about the situation they still have me in the same building with the same officers every since I been harass and denial the right of food there is enough evidence to support this claim

III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff Anibal Melendez SBI # 337949

   Address 1181 Paddock Rd. Smyrna Delaware 19977

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and place of employment of any additional defendants.)

B. Defendant Officer Mardells is employed as Delaware Correctional officer at Smyrna Correctional Center

C. Additional Defendants Officer Allen, Deputy Warden McGuigan, Cpt. Sager, Lt. Stain, Internal affairs, nurse betty, warden Carrol, Shift Commander Cpt. Belanger + merson

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

_____
_____
_____
_____
_____

-3-

V.  Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

I want to press charges on the officers who assault me and to held accountable the ones responsible and for my life's safe I would like to get tranfer from this prison as soon as possible

Signed this 7th day of march, 2004, 🙂___.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

3/7/04                                    _____
Date                                      (Signature of Plaintiff)

UNITED STATE DISTRIC COURT
WESTERN DISTRIC OF DELAWARE

---

ANIBAL MELENDEZ
    plaintiff

  against            COMPLAINT

Nate Mardells, Micheal Allen,
Lt. Stain, Betty Brain, Larry     JURY TRIAL DEMANDED
Mcguigan, cpl. Sagar, Sue in
their individual capacitie
and internal affairs, cpl
Belenger, warden Carroll cpt.,
merson, Sue in their individual
capacities
    Defendants

---

Preliminary Statement

This is civil action filed by Anibal Melendez a state prisoner for damages and injuctive relief under 42 U.S.C § 1983 alleging excessive use of force and denial of medical care in violation of the eighth amendment to the United State constitutional. The plaintiff also alleges the torts and battery and negligence

Jurisdiction

1. The court has Jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 47 U.S.C. §§ 1331(a) 1343

2. The court has supplemental jurisdiction over the plaintiff's state law tort claim under 28 U.S.C. § 1367

Parties

3. The plaintiff, Anibal Melendez, was incarcerated at Delaware Correctional Center (Smyrna) during the event described in this complaint.

4. Defendants Luke Gardells, Michael Allen are correctional officers employed at Smyrna. They are sued in their individual capacities

5. Defendant Stain, is the correctional lieutenant in charge of the administrative segregation unit at Smyrna. He is sued in his individual capacitie

6. Defendant Brian is the medical administrator at Smyrna and is generally responsible for ensuring the provision of medical care to prisoners. She is sued in her individual capacitie

7. Defendant Larry McGuigant is the Deputy Warden for security at Smyrna and is in charge of the supervision and discipline of all correctional staff at Smyrna. He is sued in his individual capacity

8. Defendant Seger is the correctional captain in charge of the administration segregation Unit at Smyrna. He is sue in his individual capacity

9. Defendant Belanger is the Correctional captain. He is sue in his individual capacity

10. Internal affairs administration is responsible to conduct and investigations of complaints at Smyrna. Their sue in their individual capacities

11. Defendant Merson is the inmate grievance chair person he is sue in his individual capacity

12. Defendant Carroll is the Correctional Warden for security at Smyrna and is in charge of the supervision and discipline of all Correctional staff at Smyrna. He is sue in his individual capacity

Facts

13. On February 4th, 2003, the plaintiff was remove from general population with out explaination and place in administrative segregation

14. On December 7, 2003 about 11:00 A.M. Defendant Nardells refuse to put bread in plaintiff tray

15. The plaintiff repeatly asked the Defendant Nardells to put the bread his allowed to have in his tray Defendant told plaintiff "you beat"

16. Defendant Nardells then said "ok I got you" and left

misuse of force

17. Shortly after this events Defendant Nardells returned to the plaintiff cell accompanied by Defendant Allen

18. Defendant Nardells order to opened plaintiff cell door Defendant Nardells and Allen entered his cell

19. Defendant Nardells knoked the plaintiff to the floor where he was kicked and struck by defendants Nardells and Allen

20. During this assault the plaintiff received laceration to his face and scalp and numerous bruises and abrasions to his back, side, chest, face and head

21. During this events the plaintiff did not resist or threaten the officers in any fashion or break any prison rules

22. Defendant Mardells and Allen are members of Smyrna prison

23. Defendant Mardells have repeatedly engaged in excessive force against inmate in the past.

24. Defendant Sagar, Carroll, maguigan, merson and Internal affairs has been placed on notice of the abusing conduct of Defendant Mardells and other officers by a number of complaints and grievances over many month, but has failed to take disciplinary action against them or other wise control thier behavior

25. Defendant Belenger was place on notice of the abusing conduct of Defendant Mardells and Allen but has failed to take diciplinary action against them or other wise control thier behavior

26. After the above described assault the plaintiff was taken to the prison Infarmary, where he receive pain killers medication Denyel of medical care

27. Shortly after this incident plaintiff informed Defendant Brian and requested her for medical attention Defendant Brian said "I don't believe you. I'm going to inform Lt. Stein" and then left

28. Defendant Stein came to the unit plintiff show Defendant Stein of the injuries and brusies he said ok and then left.

29. Defendants staff or Brian never came back to examinate plaintiff or treat plaintiff injuries

30. Since then, plaintiff has submitted repeated sick call request and has filed agrievance requesting treatment for his neck and head injury

31. Defendant Brian told the plaintiff that there is nothing wrong with the plaintiff and sent him back to the unit

32. The plaintiff is in great pain and his neck is stiff and does not turn properly

Claims for Relief

33. The action of Defendants Mardells and Allen in using physical force against the plaintiff without need of provocation were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the eighth Amendment of the United State Constitutions.

34. The actions of Defendants Mardells an Allen in using physical force against the plaintiff with out need or provocation constituted the tort of assault and battery under the law of Delaware

35. The failure of defendant's Sager, merson, Belanger, Carroll, Mcguigan and internal affairs to take disciplinary or other action to curb the known patter of physical abuse of plaintiff by defendant Mardells constituted deliberate indifferance, and contribute to and proximately caused the above described violation of eighth amendment rights and assault and battery

36. The failure of defendants Stain and Brian of medical altetion, constituted deliberate indifference to the plaintiff seriouse medical needs in violation of the eighth Amendment of the United State Constitution.

Relief Requested

Wherefore, plaintiff requested that the court grant the following relief

A. Issue a declaratory judgment stating that:

1. The physical abuse of the plaintiff by defendants

issue and injuction ordering Defendant Carroll to:

1. Release the plaintiff from punitive segregation and place him in general population, with restoration of all right and privileges;

D. Award compensatory damages in the following amounts:

1. $100.000 jointly and severally against defendants Carroll, Mardells, Allen, merson, mcguigan, Sager, Belenger and Internal affairs

2. $150.000 jointly and severally against defendant Brian and Stain of the physical and emotional injury resulting from the failure to provide adequate medical care for the plaintiff

E. Award punitive damages in the following amounts:

1. 20,000 each against defendants Mardells, Allen, Carroll, mcguigan, merson, Belenger and Internal affairs

2. 20,000 each against defendant Stain and Brian

F. Grant such other relief as it may appear that plaintiff is intitled.

[Date] 5/10/04

respectfully submitted,

Anibal Melendez # 337979
1181 Paddock Rd
Smyrna De 19977

Alternate version of Damage demand:

D. Awards compensatory damages jointly and severally against:

1. Defendants Bardells, Allen, merson, Carroll, mcguigan, Belanger Sager, and Internal affairs for the physical and emotional injuries sustained as a result of the plaintiff beating

2. Defendant Stein and Brian for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff

c. Award punitive damage against defendant Bardells, Allen Carroll, mcguigan, Belanger, Sager, Brian, and Stein and Internal affairs