IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANIBAL MELENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-193-SLR |
| | ) | |
| WARDEN CARROLL, LARRY MCGUIGAN, BETTY BRIAN, LT. STAIN, CPT MERSON, CPT. SAGAR, NATE GARDELS, CPT. BELANGER, MICHAEL ALLEN, and INTERNAL AFFAIRS, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

In further support of their Motion for Partial Summary Judgment, State Defendants Warden Thomas Carroll, Deputy Warden Larry McGuigan, Lt. James Stanton, Corporal Lise Merson, Captain Clyde Sagers, Officer James Gardels, Captain Joseph Belanger, Officer Michael Allen, and Internal Affairs ("State Defendants") state as follows:

**I.  THERE IS NO BASIS FOR IMPOSING LIABILITY ON STATE DEFENDANTS.**

As set forth in his Answer to State Defendants' Motion for Summary Judgment, Plaintiff has asserted two claims in this action: an excessive force claim against the State Defendants and a claim for denial of medical care against the health care provider, Defendant Nurse Bryant. D.I. 72].

State Defendants argued in their Memorandum of Points and Authorities in support of their Motion for Summary Judgment that there was no basis for imposing liability on them because of a lack of personal involvement in the alleged Constitutional violations.

> A. STATE DEFENDANTS DID NOT DELAY PLAINTIFF'S ACCESS TO MEDICAL CARE.

Plaintiff responds to the State Defendants' argument by first claiming that State Defendants delayed his access to medical care for non-medical reasons. This claim is not supported by the record. Plaintiff's medical records, submitted in a sealed exhibit [D.I. 73], show that Plaintiff was seen in the infirmary on December 10, 2003, the date of the alleged assault. Further, Plaintiff conceded in his Complaint that, after the alleged assault, he was taken to infirmary and given pain killer medication. [D.I. 2, ¶ 26]. Thus, there is no evidence in the record that State Defendants delayed his access to medical care.

> B. STATE DEFENDANTS WERE NOT DELIBERATELY INDIFFERENT TO A SUBSTANTIAL RISK OF SERIOUS HARM TO PLAINTIFF.

Plaintiff further argues that State Defendants should be held liable on the grounds that they were aware that Gardels previously physically abused him, and they failed to take steps to protect him from the assault in question. Plaintiff has presented an Affidavit which states that, on October 10, 2003, he sent a letter to Defendant Warden Thomas Carroll advising him of various incidents of wrongdoing by correctional officers, including "assaults in cell by officers James Gardels and Michael Allen." *See* Affidavit attached hereto as Exhibit A. He asserts in his Answer that, prior to the assault, he advised Defendants Carroll, McGuigan, Sagers and Internal

Affairs[1] of Gardels' "wrongful conduct." [D.I 72. at 4]. He also claims that, at least five months before the alleged assault, he wrote to State Defendants and filed many grievances informing them that he was being physically and mentally abused by Gardels. *Id.* at 5.

Plaintiff's claims that he put State Defendants on notice of prior physical abuse by Gardels is unsupported by the record.

At his deposition, Defendant testified that his only prior incidents with Gardels involved denial of food and recreation:

> Q. Prior to the incident with the bread, had you had any other bad experiences with him?
> A. Actually, yes.
> Q. Do you remember when about that happened?
> A. When? Sometime before December.
> Q. Okay.
> A. November. I can't remember when.
> Q. That's fine. What happened?
> A. He won't - - he didn't gave me no any food.
> Q. So, it was another food-related problem?
> A. Yeah.
> Q. Do you remember if you had any other problems with him before December –
> A. Yeah. About the food and – oh. And recreation.
> Q. Okay. So you had problems with him before December - -
> A. Yes.
> Q. - - where he was either not giving you the food you're supposed to get - -
> A. Or recreation.
> Q. – or not letting you have recreation?
> A. Yes.

*See* excerpt from Melendez deposition attached hereto as Exhibit B.

In a grievance dated October 22, 2003, Plaintiff claims that correctional officers had denied him his recreation, lunch, mail, legal phone calls and medical needs. He indicated that he

---

1 In his Answer to State Defendants' Motion for Summary Judgment, Plaintiff indicated his intent to dismiss Internal Affairs from this action.

3

did not know the names of the officers. *See* grievance attached hereto as Exhibit C. In a letter to Warden Carroll, also dated October 22, 2003, Plaintiff stated: "correctional officers has taken my rec, lunch, phone calls, and medicals needs, they had put their hands on me and other minor stuff." *See* letter attached hereto as Exhibit D. Plaintiff does not identify the correctional officers.

Thus, the record shows no evidence of a prior complaint by Plaintiff that Gardels had physically abused or assaulted him.

Prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish a Constitutional violation by State Defendants, Plaintiff must show that he faced a "substantial risk of harm" to which State Defendants acted with "deliberate indifference." *Id.* at 828-29. The substantial risk of harm must be objectively serious. *Id.* Deliberate indifference requires a subjective showing that the prison official knew of and disregarded the risk: "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Thus, to impose liability on State Defendants, Plaintiff must show that each State Defendant had a "sufficiently culpable state of mind." *Id.* at 834. "[P]rison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." *Id.* at 844.

In *Heggenmiller v. Edna Mahan Correctional Institution for Women*, 128 Fed. Appx. 240 (3d Cir. 2005) (Exhibit E), plaintiffs alleged that they were raped and sexually assaulted by a

4

prison guard. They sought to impose liability on prison administrators on the grounds that they were deliberately indifferent to the risk of the assaults.

The Court rejected this claim. *Id.* at 246. While the prison administrators were aware of ten prior incidents of sexual misconduct by prison guards, the incidents were qualitatively dissimilar to the assaults suffered by plaintiffs. Further, none of the prior incidents involved the guard who assaulted plaintiffs. *Id.* at 245. The court thus granted summary judgment in favor of the prison administrators on plaintiffs' failure to protect claim. *Id.* at 246.

In *Jones v. Beard,* 145 Fed. Appx. 743 (3d Cir. 2005) (Exhibit F), plaintiff inmate alleged that various prison officials and correctional officers were deliberately indifferent in failing to protect him from an assault by his cellmate. In the weeks leading up to the assault, plaintiff told several guards that he and his cellmate were not getting along, and he asked whether he could be moved into a new cell. *Id.* at 745. There was no evidence that plaintiff articulated specific threats of serious harm or that he made multiple complaints to any one guard about his cellmate. *Id.* The court thus held that plaintiff's "isolated comments were insufficient to show that the guards knew that he faced a substantial risk such that they could be considered deliberately indifferent to that risk." *Id.* at 746.

In this case, Plaintiff testified that prior incidents with Gardels involved denial of recreation and food. His grievance and letter to Warden Carroll, in October 2003, do not mention Gardels at all or any assaults. He does mention that correctional officers put their hands on him, but characterizes this as "minor stuff."

On these facts, State Defendants were not put on notice of a possible assault by Gardels or Allen. Thus, there is no showing of deliberate indifference to a substantial risk of harm and State Defendants are entitled to judgment as a matter of law.

## II. UNDER THE ELEVENTH AMENDMENT, STATE DEFENDANTS CANNOT BE HELD LIABLE IN THEIR OFFICIAL CAPACITIES.

Plaintiff offers no rebuttal to State Defendants' argument that they cannot be held liable in their official capacities. In fact, he agrees that a State waives its Eleventh Amendment immunity only where such waiver constitutes an "unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *Ospina v. Dep't of Corrections*, 749 F. Supp. 572, 578 (D. Del. 1990) (*quoting Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985)). Thus, it is undisputed that, under the Eleventh Amendment, State Defendants cannot be held liable in their official capacities.

WHEREFORE, for the reasons set forth herein and in State Defendants' Memorandum of Points and Authorities in Support of their Motion for Summary Judgment, State Defendants respectfully request that this Court grant partial summary judgment in their favor.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Eileen Kelly
        Deputy Attorney General
        Carvel State Building
        820 N. French Street, 6th Floor
        Wilmington, Delaware 19801
        (302) 577-8400
        eileen.kelly@state.de.us

Dated: February 8, 2006        Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2006, I electronically filed *State Defendants' Reply Memorandum of Points And Authorities In Support of Their Motion for Partial Summary Judgment* with the Clerk of Court using CM/ECF. I hereby certify that on February 8, 2006 I have mailed by United States Postal Service, the document to the following non-registered party: Anibal Melendez.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us