# Westlaw.

145 Fed.Appx. 743                                                                                                    Page 1
145 Fed.Appx. 743
**(Cite as: 145 Fed.Appx. 743)**

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

NOT PRECEDENTIAL

Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)

United States Court of Appeals,
Third Circuit.
Darrell JONES, Appellant
v.
Jeffrey A. BEARD; Thomas L. James; Frank D. Gillis; Roy E. Johnson; Joseph Piazza; Kandis Dascani; David A. Varano; Donald Kistler; Jack Sommers; Meixel; Knarr; K. Shade; Burkhart; S. Gooler; Vognetz; Cerrelli,
Individually and in their capacity.
**No. 04-3669.**

Submitted Under Third Circuit LAR 34.1(a) Aug. 19, 2005.
Decided Aug. 19, 2005.

**Background:** Inmate brought § 1983 action against correctional officials and officers, alleging deliberate indifference. The United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo, J., granted summary judgment for officials and officers. Inmate appealed.

**Holdings:** The Court of Appeals held that:
(1) officers did not act unreasonably in assigning inmate with mental problems to double cell with plaintiff, and thus, they could not be held liable for deliberate indifference, and
(2) inmate's isolated comments to prison guards that he and cellmate were not getting along and his asking to be moved were insufficient to show that guards knew that he faced a substantial risk such that they could be considered deliberately indifferent to that risk.
Affirmed.

West Headnotes

**[1] Sentencing and Punishment ⇌1538**
350Hk1538 Most Cited Cases
Correctional officers did not act unreasonably in assigning inmate with mental problems to double cell with plaintiff, and thus, they could not be held liable in § 1983 action alleging deliberate indifference in violation of Eighth Amendment, given uncontradicted evidence that inmate had been taking his prescribed medication, had been screened for classification placement, and had been cleared for general population housing.
U.S.C.A.Const.Amend. 8; 42 U.S.C.A. § 1983.

**[2] Sentencing and Punishment ⇌1537**
350Hk1537 Most Cited Cases
Plaintiff inmate's isolated comments to prison guards that he and cellmate were not getting along and his asking to be moved were insufficient to show that guards knew that he faced a substantial risk such that they could be considered deliberately indifferent to that risk in violation of Eighth Amendment, given lack of evidence establishing that inmate articulated specific threats of serious harm or that he made multiple complaints about cellmate to any one guard and complete lack of documentation to substantiate his allegation.
U.S.C.A.Const.Amend. 8; 42 U.S.C.A. § 1983.
*744 On Appeal from the United States District Court for the Middle District of Pennsylvania. (D.C.Civ. No. 03-cv-00538). District Judge: Honorable Sylvia H. Rambo.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

145 Fed.Appx. 743                                                                                                    Page 2

145 Fed.Appx. 743

**(Cite as: 145 Fed.Appx. 743)**

Darrell Jones, Coal Township, PA, pro se.

R. Douglas Sherman, Office of Attorney General of Pennsylvania, Harrisburg, PA, for Jeffrey A. Beard; Thomas L. James; Frank D. Gillis; Roy E. Johnson; Joseph Piazza; Kandis Dascani; David A. Varano; Donald Kistler; Jack Sommers; Meixel; Knarr; K. Shade; Burkhart; S. Gooler; Vognetz; Cerrelli, Individually and in their capacity.

Before VAN ANTWERPEN, GREENBERG and NYGAARD, Circuit Judges.

OPINION

PER CURIAM

In March 2003, Darrell Jones filed the underlying complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Pennsylvania. In his complaint, Jones alleged that various officials and correctional officers at the State Correctional Institution at Coal Township violated his Eighth Amendment rights by failing to protect him from a September 24, 2002 assault by his cellmate, Mark Marshall. Following discovery, the defendants filed a motion for summary judgment, which the Magistrate Judge recommended granting in part and denying in part. Specifically, the Magistrate Judge determined that the motion should be granted as to Beard, James, Gillis, Johnson, Piazza, Dascani, Varrano, Kistler, and Sommers (collectively, "supervisory defendants") because they had no personal involvement in the September 24, 2002 assault. However, as to defendants Meixel, Knarr, Shade, Burkhart, Gooler, Vognetz, and Cirelli (collectively, "guards"), the Magistrate Judge determined that genuine issues of material fact precluded summary judgment on Jones' Eighth Amendment claim.

The defendants filed objections to the report, arguing that there were no material facts in dispute. The District Court upheld the defendants' objections and declined to adopt the Magistrate Judge's recommendation as to the guards, concluding that the record was insufficient to establish that they violated Jones' Eighth Amendment rights. Noting that Jones had not filed objections to the report and recommendation, the District Court adopted the Magistrate Judge's recommendation that judgment be entered in favor of the supervisory defendants. Thus, on August 16, 2004, the District Court granted the defendants' motion for summary judgment. This timely appeal followed. [FN1]

> FN1. Because Jones does not challenge on appeal the District Court's conclusion that the supervisory defendants were entitled to summary judgment, we decline to address the issue on the merits. *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir.1993) ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal").

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review of an order granting summary judgment. *McLeod v. Hartford Life and Acc. Ins. Co.*, 372 F.3d 618, 623 (3d Cir.2004). A grant *745 of summary judgment will be affirmed if our review reveals that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the facts in the light most favorable to the party against whom summary judgment was entered. *Coolspring Stone Supply, Inc. v. American States Life Ins. Co.*, 10 F.3d 144, 146 (3d Cir.1993). We may affirm the District Court on any grounds supported by the record. *Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir.2000) (en banc).

The Eighth Amendment imposes "a duty on prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir.1997) (citations and internal quotations omitted). In order to establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To be deliberately indifferent, a prison official must both "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837, 114 S.Ct. 1970. This standard is subjective, not objective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel,* 256 F.3d 120, 131 (3d Cir.2001).

[1] Jones contends that the guards were deliberately indifferent to a risk that Marshall would attack him because: (1) they assigned him to "double-cell" with Marshall on August 29, 2002, knowing that he had a history of psychological problems; and (2) he made oral and written complaints about Marshall between September 1 and September 24, 2002, placing the guards on notice that he faced a risk of being assaulted. According to prison records, Marshall had a history of mental illness. However, the uncontradicted evidence establishes that as of August 29, 2002, Marshall had been taking his prescribed medication, had been screened for classification placement, and had been cleared for general population housing. Because Marshall did not pose a known danger in August 2002, the guards did not act unreasonably in assigning him to double-cell with Jones.

[2] Likewise, we do not believe that Jones' statements in the three weeks leading up to the attack establish that the guards had actual knowledge of a threat of serious harm to Jones. *See Farmer,* 511 U.S. at 846, 114 S.Ct. 1970 (noting that to defeat summary judgment a plaintiff must present enough evidence to support the inference that the prison official "knowingly and unreasonably disregarded an objectively intolerable risk of harm"). Jones told several guards during September 2002 that he and Marshall were not getting along and asked whether he could be moved into a new cell. However, the record is devoid of evidence establishing that Jones articulated specific threats of serious harm, or that he made multiple complaints about Marshall to any one guard. *See, e.g., Jackson v. Everett,* 140 F.3d 1149, 1152 (8th Cir.1998) (noting that "threats between inmates are common" and do not, in every circumstance "serve to impute actual knowledge of a substantial risk of harm") (citations and internal quotations omitted). Moreover, although Jones alleged in his complaint that he filed institutional grievances complaining about Marshall prior to the attack, prison records indicate a complete lack of documentation to substantiate this allegation. *See, e.g., Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (the non-moving party cannot resist a properly supported *746 motion for summary judgment merely by restating the allegations of his complaint; rather, he must point to concrete evidence in the record that supports each and every essential element of his case).

In short, under the circumstances presented here, we agree with the District Court that Jones' isolated comments were insufficient to show that the guards knew that he faced a substantial risk such that they could be considered deliberately indifferent to that risk. *Beers-Capitol,* 256 F.3d at 137 (noting that "[t]he deliberate indifference standard set out in *Farmer* is a high one"). Because we agree with the District Court that Jones failed to show that the guards were deliberately indifferent to his health and safety, we need not consider whether he faced a substantial risk of serious harm in September 2002.

For the foregoing reasons, we will affirm the District Court's August 16, 2004 order. The motion to include two affidavits as part of the record is denied.

145 Fed.Appx. 743

**Briefs and Other Related Documents (Back to top)**

• 04-3669 (Docket) (Sep. 16, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.