IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANIBAL MELENDEZ )
    )
    v. ) C.A. NO. 04-193-SLR
    )
    )
THOMAS L. CARROLL )
    et al. )

**FILED APR 18 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE**

BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

To scanned

Statement of the case

This is a §1983 action filed by a prisoner at "smyrna" seeking damages, declaratory judgment, and injuctive relief base on the use of force and the denial of medical care.

Statement of facts

On June 1, 2005, the plaintiff filed a request for production of document pursuant to Rule 34, FRCP. After a month defendants served a response in which they object to the plaintiff entire request. Plaintiff later wrote a letter to defendants to try to resolved the dispute and defendants has not respond to the plaintiff's request

ARGUMENT

Point 1

THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THE CASE

Defendant's blank objections state that the documents requested by

the plaintiff are confidential information protected from discovery by 11 Del. C § 4322 and by Del. C. § 10001. Their argument is frivolous.

Rule 26, Fed. R. Civ. P. permits discovery of matters "relevant to the subject matter involved in the pending action ... It is not ground for objection that the information sought is inadmissible at the trial if the information sought appears reasonably calculated to lead to discovery of admissible evidence." In the discovery request, relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" Oppenheimer Fund, Inc. v. Sanders, 437 US 340, 351, 98 SCt. 2380 (1978) (footnote omitted); accord, Weiss v. Amoco Oil Co. 142 F.R.D. 311, 315 (S.D. Iowa (1992). Discovery request should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action" La Chemise Lacoste v. Alligator Corp., Inc. 60 F.R.D. 164, 171 (D. Del. 1973); see Nash v. Thielke, 743 F. Supp. 130 (E.D. Wis. 1990) Plaintiff was entitled to an officers urine test results, since the officer's sobriety during the incident was an issue in the case

Each item sought by the ~~defendant~~ is relevant to the claims and defenses in the case.

A. Documents relevant to past mistreatment of inmates by

defendants Gardells and Allen

Item 1 of the plaintiff's request seeks "any and all grievances, complaints or other documents received by the defendants or the agent at "D.CC. Smyrna" concerning mistreatment of inmates by defendant Gardells or Allen, and any memoranda, investigation files or other documents created in response to such documents since January 1, 2003.

The defendants state generally in their objection that "plaintiff seek production of confidential information." Their description of the documents sought is inaccurate and their legal position is incorrect.

First, the plaintiff does not seek confidential information in any general way. He seeks documents pertaining to particular kinds of complaints and allegations about these defendants whether or not they are part of personnel records." He does not seek other matters that may be in their records of lateness, leaves and vacations, etc.

Second the information sought is highly relevant. The plaintiff has information that repeated complaints about mistreatment of inmates have been made about two of the four defendants, and that nothing has been done about them. Evidence to the effect would be highly relevant to the claim against supervisory liability on defendant Mcguigan, the deputy warden for security

set out in §§ 27 and 31 of the complaint. see Parrish v. Luckie, 963 F.2d 201, 205, 06 (8th cir. 1992); Foley v. City of Lowell, Mass. 948 F.2d 10, 14-16 (1st cir. 1991); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 572-75 (1st cir. 1989). This evidence also support the claim against the officers themselves. Rule 404(b) FRE, provides, Evidence of other crimes, wrongs, or act is not admissible to prove the character of the person in order to show that they acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident." See Ismail v. Cohen, 899 F.2d 183, 188-89 (2d cir. 1990) United States v. Dise, 763 F.2d 586, 592 (3d cir 1985) (evidence of other incidents could refute a claim that the defendants were "calm men" who would not assault anyone)

    For these reasons the material sought is relevant and should be produced.

## CONCLUSION

For the forgoing reasons, the Court should grant plaintiffs motion to compel discovery.

Date: 4/6/06

Respectfully Submitted,
Rubel Melendez # 337905
1181 Paddock Rd
Smyrna, Del. 19977

I/M Anibal Melendez
SBI# 332425 UNIT SHU
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S.M.S.
X-RAY

Peter T. Dalleo
844 King St. Lock Box 18
Wilmington, Del.

19801