UNITED STATE COURT DISTRICT COURT
IN THE DISTRICT OF DELAWARE

Anibal Melendez
    v.
Thomas L. Carroll
    et. al.

Case No. 04-193-SLR

Motion for the appointment of Counsel

Plaintiff Anibal Melendez, pursuant to § 1915, request this court to appoint Counsel to represent him in this case for the following reason:

1. The plaintiff is unable to afford Counsel.



FILED
APR 18 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

to scanned

2. The issues involved in this case are Complex.

3. The plaintiff has a limited knowledge of the law.

4. The plaintiff is a segregation inmate, has extremely limited access to the law library.

Date: 3/31/06

Anibal Melendez
1181 Paddock Rd.
Smyrna De 19977

Anibal Melendez  
   v.                     } Case No. 04-193-SLR  
Thomas L. Carroll et al.  

MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL.

Statement of the Case.

This is a civil rights case filed under 42 U.S.C. §1983 by a state prisoner and asserting claims for the unconstitutional misuse of force and the denial of medical care for injuries inflicted during the misuse of force. The plaintiff seeks damages as to all claims and injunction to ensure proper medical treatment.

Statement of facts

The complaint alleges that plaintiff was assaulted by two correctional officers, receiving a number of injuries. Plaintiff requested medical attention for injuries inflicted during the misuse of force, defendant denied the same. Plaintiff requested defendant for a investigation to be conduct and wrote hight authority informing them of the incident that took place and no one has done anything about the issue at hand.

ARGUMENT

THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the case, the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) In additional, Court has suggested that the most important factor is whether the case appear to have merit. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173 (2d Cir. 1989) each of these factors weighs in favor of appointment counsel in this case.

1. Factual complexity. The plaintiff alleges that several correctional officers physically abuse him. He also assert that certain prison supervisor were on notice of the violent propensities of some of the officers and did nothing about them. He challeng the denial of medical care after the incident by two other defendants. The sheer number of defendants and claims make this factually complex case.

In addition, one of the plaintiff's claim involves the denial of medical care; it will probably be necessary to present a medical expert witness or to cross-examine medical witness called by the defendants or both. The presence of medical witnesses or other issues requiring expert testimony support the appointment of counsel. Moore v. Mabus,

976 F2d 268, 272 (5th cir. 1992); Jackson v. County of McLean, 953 F2d 1070, 7073, (7th cir 1992)

2. The plaintiff's ability to investigate. The plaintiff is locked up in punitive segregation and has no ability to investigate the facts. for example he is unable to identify, locate and to interview the inmate who were housed in nearby cells and who saw some of the misuse of force a factor that several courts have cited in appointing counsel Tucker v. Randall, 948 F2d 388, 391-92 (7th cir. 1991) Gatson v. Coughlin, 679 F. Supp 220 873 (WDNY 1988) In addition, this case will require considerable discovery concerning the identity of witnesses, the officers report and statement about the incident, the history of the officers of prior records of misuse of force and plaintiff's medical history. See Tucker v. Dickey, 613 F. Supp 1124, 1133-34 (WD Wis 1985) (need for discovery supported appointment of counsel)

3. Conflicting testimony. The plaintiff's account of his beating by officers is squarely in conflict by the statement of the officers. This aspect of the case will be a credability contest between the defendants and the plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues support the appointment of counsel

4. The ability of the indigent to present his claim. The plaintiff is an Indigent prisoner with no legal training a factor that supports

appointment of counsel. In addition, he is confined in segregation with very limited access to legal materials. Keyes v Johnson, 969 F2d 700, 703-04 (8th Cir. 1992)(citing lack of ready access to a law library as a factor supporting appointment of counsel

5. Legal Complexity. The large number of defendants, some of whom are supervisory officials, present complex legal issues of determining which defendants were sufficiently personally involved in the Constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skills than the plaintiff has or can develop. See. Abdullah v. Gunter, 949 F2d 1032, 1036 (8th Cir. 1991)

6. Merit of the case. The plaintiff's allegations, if proved, clearly would establish a Constitutional violation. The unprovoked and injurious beating alleged in the complaint clearly state an Eight Amendment violation. See Hudson v. McMillian __US__, 112 SCt. 995 1000 (1992) The allegation of medical care which the Supreme court has especically cited as an example of unconstitutional deliberate indifference to prisoner medical needs. Estelle v. Gamble 429 US 97, 105 97 SCt 285 (1976)

## Conclusion

For the forgoing reasons, the court should grant the plaintiff's motion for appointment of counsel in this case.

Date: 3/28/06

Anibal Melendez
1181 Paddock Rd.
Smyrna, De. 19977

UNITED STATE DISTRICT COURT
IN THE DISTRICT OF DELAWARE

State of Delaware )
                  ) SS:
County of New Castle )

AFFIDAVIT IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINMENT OF COUNSEL

Anibal Melendez, being duly sworn, deposes and says:

1. I am the plaintiff in the above case. I am making this affidavit in support of my motion for the appointment of counsel.

2. The complaint in this case alleges that the plaintiff was subjected to the misuse of force by several correctional officers who actually beat and kick him. It alleges that supervisors were aware of the violent propensities of some of the officers and are liable for failing to take action to control them. He was denied medical attention when requested after the assault to place.

3. This is a complex case because it contains several different legal claims, with each claim involving a different set of Defendants

4. The plaintiff has demanded a jury trial

5. the case involved medical issues that may require expert testimony.

6. The case will require discovery of documents and dispositions of a number of witnesses

7. The testimony will be in sharp conflict, since the plaintiff allege that the defendants assaulted him, while the defendants assert that the assault never took place

8. The plaintiff has only high school education and has no legal education

9. The plaintiff is serving a sentence in punitive segregation. for this reason he has very limited access to legal Materials and has no ability to investigate the facts of the case, for example, by locating interviewing the other inmates who were eyewitness to his beating

10. As set forth in the memorandum of law submitted with this motion, these facts, along with the legal Merits of the plaintiff's claim support the appointment of counsel to represent the plaintiff.

Wherefore, the plaintiff's motion for appointment of counsel should be granted.

Anibal Melendez

_____

Sworn to before me this
7th day of April 2006

_____
Notary public

## CERTIFICATE OF SERVICE

I Anibal Melendez hereby has render d copies of the motions for appointment of counsel and motion to compel on this 10 day of april, 2006 by first class U.S. Mail to the party below

Peter T. Dalleo
844 N King St
Wilmington Del 19805

I/M Anibal Melendez
SBI# 337475  UNIT S4L
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977





Peter P. Dalleo
844 King St. Lock Box18
Wilmington, Del.

19801