IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 04-193-SLR |
| | ) |
| WARDEN CARROLL, LARRY MCGUIGAN, BETTY BRIAN, LT. STAIN, CPT MERSON, CPT. SAGAR, NATE GARDELS, CPT. BELANGER, MICHAEL ALLEN, and INTERNAL AFFAIRS, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

State Defendants Warden Thomas Carroll, Deputy Warden Larry McGuigan, Lt. James Stanton, Corporal Lise Merson, Captain Clyde Sagers, Officer James Gardels, Captain Joseph Belanger, Officer Michael Allen, and Internal Affairs ("State Defendants") hereby oppose Plaintiff's Motion for Appointment of Counsel and in support thereof state as follows:

1. The Plaintiff is an inmate within the custody of the Delaware Department of Correction currently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.

2. In this civil rights action, Plaintiff claims that he was subjected to excessive force and subsequently received inadequate medical care for injuries sustained in the incident.

3. Plaintiff has been pursuing this matter on his own for two years. During that time period he has moved for a default judgment against defendants [D.I. 30], moved to amend the complaint on two occasions [D.I. 39, 53], pursued discovery [51, 52], and responded to State

Defendants' Motion for Summary Judgment [72]. Most recently, Plaintiff filed a very detailed Motion to Compel [D.I. 79] and the instant Motion for Appointment of Counsel. [D.I. 80].

4. In his Motion for Appointment of Counsel, Plaintiff claims that the issues in the case are complex, he has limited knowledge of the law and limited access to the law library.

5. A p*ro se* litigant in a civil matter has no constitutional or statutory right to appointed counsel. *Smith-Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984). It is solely within the Court's discretion to appoint counsel for the plaintiff, and such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting . . . from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Id.* at 26.

6. The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issues, and the need for expert testimony. *Parham v. Johnson*, 126 F.3d 454, 457-58 (3d Cir 1997); *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), *cert. denied,* 510 U.S. 1996 (1994).

7. Contrary to Plaintiff's assertion that the issues involved in this case are complex, they are in fact straightforward. Plaintiff claims that he was assaulted and that his resulting injuries were not treated by medical staff.

8. Plaintiff is fully capable of presenting these straightforward claims to this Court. His pleadings filed to date show his understanding of the legal and factual issues involved in this case. His pleadings are supported by detailed factual allegations and reference to legal authority.

He has demonstrated that he is not only competent but fully understands the issues as well as the rules and procedures of this Court. *See Johnson v. Rogers*, 2004 WL 1621688, at *1 (D. Del. June 15, 2004) (attached as Exhibit A) (denying motion for appointment of counsel where plaintiff "stated his case in a reasonably clear and concise manner"); *Boardley v. First Correctional Medical*, 2004 WL 540492, at *2 (D. Del. March 15, 2004) (attached as Exhibit B) (denying motion for appointment of counsel where plaintiff demonstrated through his correspondence and pleadings his ability to present his own case).

9. Because Plaintiff is fully capable of litigating this lawsuit, appointment of counsel is not warranted.

**WHEREFORE**, State Defendants respectfully request that this Court deny Plaintiff's Motion for Appointment of Counsel.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
eileen.kelly@state.de.us
Date: April 28, 2006                    Attorney for State Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2006, I electronically filed *State Defendants' Response to Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF. I hereby certify that on April 28, 2006 I have mailed by United States Postal Service, the document to the following non-registered party: Anibal Melendez.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us