Westlaw.

Not Reported in F.Supp.2d                                                                                      Page 1

Not Reported in F.Supp.2d, 2004 WL 1621688 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Derious J. JOHNSON, Plaintiff,
v.
Cpl. ROGERS, Defendant.
**No. Civ.A. 03-710-KAJ.**

June 15, 2004.

Derious J. Johnson, Smyrna, DE, pro se.
Richard W. Hubbard, Department of Justice Civil Division, Wilmington, DE, for Defendant.

MEMORANDUM ORDER

JORDAN, J.
*1 The Plaintiff, Derious J. Johnson, is a *pro se* litigant. Presently pending before the Court is Johnson's Motion for Appointment of Counsel. (Docket Item [D.I.] 12; the "Motion".) For the reasons that follow, Plaintiff's Motion will be denied.

Plaintiff is currently incarcerated in the Delaware Correctional Center ("DCC") in Smyrna, Delaware. (D.I.8.) On July 14, 2003, Plaintiff filed a Complaint alleging that Cpl. Rogers ("Defendant") participated in a conspiracy against him on May 31, 2003. (D.I.2.) Plaintiff claims that Defendant opened Plaintiff's cell door, allowing Bradley Berezansky, a correctional officer, to enter and assault Plaintiff. (*Id.*) Plaintiff filed the instant Motion on November 4, 2003. (D.I.12.) In support of his Motion, Plaintiff argues that the appointment of counsel would serve the interests of justice because he is unskilled in the law and has no financial means to seek private counsel. (*Id.*)

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *See Parham v. Johnson,* 126 F.3d 454, 456-57 (3d Cir.1997); *Tabron v. Grace,* 6 F.3d 147, 153-54 (3d Cir.1993). Under certain circumstances, the Court may in its discretion appoint an attorney to represent an indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1).

However, in *Tabron* and again in *Parham,* the Third Circuit Court of Appeals articulated the standard for evaluating a motion for appointment of counsel filed by a *pro se* plaintiff. Initially, the Court must examine the merits of a plaintiff's claim to determine whether it has some arguable merit in fact and law. *See Parham,* 126 F.3d at 457 (citing *Tabron,* 6 F.3d at 157); *accord Maclin v. Freake,* 650 F.2d 885, 887 (7th Cir.1981) (per curiam) (cited with approval in *Parham* and *Tabron* ). Only if the Court is satisfied that the claim is factually and legally meritorious, should it then examine the following factors: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Parham,* 126 F.3d at 457-58 (citing *Tabron,* 6 F.3d at 155-56, 157 n. 5). This list, of course, is illustrative and, by no means, exclusive. *See id.* at 458. Nevertheless, it provides a sufficient foundation for the Court's decision.

While Plaintiff's claim may not be frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B), I do not believe that Plaintiff meets the remaining *Parham* and *Tabron* factors. First, despite Plaintiff's inability to attain or afford counsel on his own behalf, Plaintiff has stated his case in a reasonably clear and concise manner. It appears from the allegations and the record before the Court that he does not need the assistance of counsel to gather facts to support his claim. Additionally, the issues, as currently presented, are not legally or factually

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 1621688 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

complex. While the case may turn on credibility determinations, that factor alone does not determine whether counsel should be appointed. *See Parham,* 126 F.3d at 460 ("While the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not.") Finally, it is unlikely that the testimony of expert witnesses will be required. Therefore, the Court declines to appoint counsel at this stage in the litigation.

*2 For the reasons set out above, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (D.I.12) is DENIED.

D.Del.,2004.
Johnson v. Rogers
Not Reported in F.Supp.2d, 2004 WL 1621688 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00710 (Docket) (Jul. 14, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.