Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 540492 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Melvin E. BOARDLEY, Plaintiff,
v.
FIRST CORRECTIONAL MEDICAL, Dr.
Hofferman, John Doe, Nurse Kim, and Nurse
Ashton Defendants.
**No. Civ.A. 03-343-KAJ.**

March 15, 2004.

Melvin E. Boardley, pro se, Smyrna, DE, for
plaintiff.
Steven F. Mones, McCullough & McKenty, P.A.,
Wilmington, DE, for defendants.

*MEMORANDUM ORDER*

JORDAN, J.
*1 Before the Court are Melvin E. Boardley's ("
Plaintiff") Motions for Appointment of Counsel
(Docket item ["D.I."] 9 and 20; the "Motions").
For the reasons that follow, Plaintiff's Motions are
denied.

> FN1. I take D.I. 20, entitled "Motion for
> Counsel for Brief Scheduling Order," as
> also being a Motion for Appointment of
> Counsel by Plaintiff.

Plaintiff is a *pro se* litigant incarcerated at the
Delaware Correctional Center ("DCC") in Smyrna,
Delaware. (D.I. 2 at 3.) On March 18, 2003,
Plaintiff commenced this action by filing a
Complaint under the Civil Rights Act, 42 U.S.C. §
1983, alleging that First Correctional Medical ("
FCM"), the healthcare provider for DCC, and
certain FCM employees (collectively "Defendants"
) were negligent and violated Plaintiff's rights. (D.I.
2; D.I. 22.) Specifically, Plaintiff alleges that

Defendants' violated his 8th Amendment right to be
free of cruel and unusual punishment, and are liable
for medical malpractice, in connection with
treatment Defendants' provided Plaintiff for two
ingrown toenails. (D.I.2.) Plaintiff alleges that he
developed complications after undergoing surgery
on his right toe on August 27, 2002, and his left toe
on September 9, 2002, and that Defendants'
continually failed to give Plaintiff the proper
medical care to correct the complications. (*Id.*) As
a result, Plaintiff lacked mobility and suffered from
severe pain and discomfort. (*Id.*)

> FN2. Dr. Hofferman is apparently Dr.
> Hoffman, a former employee or agent of
> FCM. (D.I. 2; D.I. 22.) Nurse Kim is
> apparently Kim Brown, an FCM
> employee, and Nurse Ashton is apparently
> Ashton Pyne, also an FCM employee. (*Id.*)
> It is assumed that John Doe is an employee
> or agent of FCM. (D.I.22.)

On July 11, 2003 and November 6, 2003, Plaintiff
filed these Motions. (D.I. 9 and 20.) In support of
the Motions, Plaintiff argues that he has
demonstrated to the Court that his Complaint is not
frivolous or malicious. (*Id.*) Further, Plaintiff argues
that the issues in this case are complex. (*Id.*)
Therefore, in the interests of justice and to ensure
the protection of his Constitutional rights, Plaintiff
urges the Court to appoint counsel. (*Id.*)

A plaintiff has no constitutional or statutory right to
the appointment of counsel in a civil case. *See
Parham v. Johnson,* 126 F.3d 454, 456-57 (3d
Cir.1997); *Tabron v. Grace,* 6 F.3d 147, 153-54 (3d
Cir.1993). However, under certain circumstances,
the Court may appoint counsel to represent an
indigent civil litigant. *See* 28 U.S.C. § 1915(e)(1).

The standard for evaluating whether a court will
appoint counsel to a civil litigant was articulated by
the Third Circuit Court of Appeals in *Tabron* and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                      Page 2

Not Reported in F.Supp.2d, 2004 WL 540492 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*Parham.* Initially, the Court will examine the plaintiff's claim to determine whether it has some arguable merit in fact and law. *Parham,* 126 F.3d at 457. If the Court is satisfied that the claim is factually and legally meritorious, then it will examine the following factors: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id.* at 457-58. However, this list is merely illustrative and, by no means exhaustive. *Id.* at 458. Nevertheless, it provides a sufficient foundation for the Court's decision.

*2 Here, the *Parham-Tabron* factors do not weigh in favor of appointing counsel for Plaintiff. First, although Plaintiff can not afford to retain counsel, he has demonstrated, through his correspondence with the court in his Complaint and Motions (D.I.2, 9, 10, 20.), his ability to present his own case, including a detailed description of the events surrounding the alleged incident. (D.I.2) Second, from Plaintiff's description of events, there appears to be no need for an extensive factual investigation. Further, Plaintiff's allegations that Defendants' were negligent, and violated his 8th Amendment rights, presents no complex legal issues. *Cf. Parham,* 126 F.3d at 459 ("[T]he ultimate issue appears relatively simple-whether [defendant doctor] was deliberately indifferent to [plaintiff's] serious medical needs. A lay person, like [plaintiff] should be able to comprehend what he has to prove when the legal issue is understandable."). While medical expert testimony may be required, and although the case may turn on credibility determinations, these factors are not enough to weigh in favor of appointing counsel. *Cf. Parham,* 126 F.3d at 460 ("While the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not.") Therefore, the appointment of counsel for Plaintiff is not warranted.

Accordingly, it is hereby ORDERED that Plaintiff's Motions for Appointment of Counsel (D.I. 9 and

20) are DENIED.

D.Del.,2004.
Boardley v. First Correctional Medical
Not Reported in F.Supp.2d, 2004 WL 540492 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00343 (Docket) (Apr. 01, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.