IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANIBAL MELENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-193-SLR |
| v. | ) | |
| | ) | |
| NATE GARDELLS and | ) | |
| MICHAEL ALLEN, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff seeks production of certain policies and procedures of the Delaware Department of Correction and Delaware Correctional Center,

WHEREAS, the parties agree that 11 *Del. C.* § 4322 prohibits the release of certain policies and procedures in the absence of a formal court order authorizing such release;

WHEREAS, Plaintiff seeks production of certain policies and procedures of the Defendants;

WHEREAS, Defendants assert that the requested policies and procedures are not public records pursuant to 29 *Del. C.* § 10002(g)(1);

NOW THEREFORE, it appearing to the Court that a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is necessary and appropriate and will facilitate discovery,

IT IS HEREBY ORDERED THAT:

1. Any party ("Producing Party") may designate material or information in this litigation as "Confidential," in which case such material or information shall be treated in accordance with the terms of this Stipulated Protective Order.

2. The entry of this Stipulated Protective Order shall not waive any objection of privilege, confidentiality or otherwise as created by federal and state common and statutory law.

3. The term "Confidential" may be applied only to material or information that Defendants in good faith believe is confidential within the meaning of this Stipulated Protective Order.

4. Any document or portion thereof, including any transcript, exhibit, answer to interrogatory, other discovery request or response, affidavit, brief, memorandum, or any other paper that Defendants believe to contain Confidential Information shall be so designated by stamping or otherwise applying thereto the designation "CONFIDENTIAL," in which case such designated document and the information contained therein shall be treated in accordance with the terms of the Stipulated Protective Order. Within five days of entry of this Protective Order, any Producing Party shall notify the other parties if any previously produced documents, not already designated "CONFIDENTIAL" through any other means, are now to be designated "CONFIDENTIAL."

5. Any material or document designated "CONFIDENTIAL" shall be available only to Qualified Persons, shall be used solely in connection with this litigation (including appeals), and shall not be disclosed to any other person without the prior

written consent of the Producing Party or of the Court.

      6.    "Qualified Person," as used herein, shall mean:

         a.    any attorney appearing of record or of counsel in this case and their employees including paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel;

         b.    any independent expert or independent consultant and their employees serving any attorneys identified in Paragraph 6(a) for the purposes of this case;

         c.    any independent paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel serving any attorneys identified in Paragraph 6(a) for the purposes of this case;

         d.    any court reporter or videographer employed or retained by a party for the purposes of transcribing and/or recording a deposition; and

         e.    the Court and its personnel.

Pursuant to 11 *Del. C.* § 4322 and 29 *Del. C.* § 10002(g)(1), the individual Plaintiff, Anibal Melendez, is <u>not</u> a Qualified Person within the meaning of this Stipulated Protective Order. No other person shall become a Qualified Person without prior leave of the Court or prior written consent of the Producing Party.

      7.    Material and information marked "CONFIDENTIAL" may be used solely for purposes of this litigation and, if otherwise admissible, may be introduced into evidence in any proceeding (including appeals) that is a part of this litigation.

      8.    If material or information marked "CONFIDENTIAL" is used in any deposition, the portion of the deposition in which the material or information is used shall

be deemed to contain confidential information as defined in this Stipulated Protective Order and shall be treated as if it were marked "CONFIDENTIAL" in accord with this Stipulated Protective Order. Use of material or information marked "CONFIDENTIAL" in a deposition shall not change its status under this Stipulated Protective Order.

9. Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Stipulated Protective Order, Plaintiff shall (a) use best efforts to obtain the return of any such Confidential Information; (b) promptly inform such person of all provisions of this Stipulated Protective Order; and (c) identify such person immediately to the Producing Party.

10. Any Producing Party may be interviewed and examined on and may testify concerning any material or information marked "CONFIDENTIAL" so long as there is no objection other than confidentiality to such interview, examination, and testimony other than confidentiality to such testimony.

11. All documents of any nature that are filed with the Court for any purpose and that contain materials or information marked "CONFIDENTIAL" shall be filed in sealed envelopes that bear the statement: "CONFIDENTIAL – FILED UNDER SEAL."

12. The inadvertent or unintentional failure of a Producing Party to designate specific documents or information as Confidential shall not be deemed a waiver in whole or in part of that Producing Party's claim of confidentiality as to such documents or information.

13. On final resolution of this litigation, all persons subject to the terms hereof shall, within sixty (60) calendar days, destroy or return to the Producing Party all

materials, documents and things marked as CONFIDENTIAL.

14. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be relevant and subject to disclosure in another case. If Plaintiff becomes subject to a motion to disclose Defendants' information which has been designated CONFIDENTIAL pursuant to this order, Plaintiff shall promptly notify Defendants of the motion so that Defendants may have the opportunity to appear and be heard on whether that information should be disclosed. This obligation shall apply equally to Defendants should Defendants become subject to a motion to disclose information designated "CONFIDENTIAL" by Plaintiff.

| MORRIS JAMES, LLP | STATE OF DELAWARE DEPARTMENT OF JUSTICE |
|---|---|
| /s/ Jason C. Jowers | /s/ Catherine Damavandi |
| Jason C. Jowers (No. 4721) | Catherine Damavandi (No. 3823) |
| jjowers@morrisjames.com | Deputy Attorney General |
| Edward M. McNally (No. 614) | catherine.damavandi@state.de.us |
| emcnally@morrisjames.com | Carvel State Building |
| 500 Delaware Avenue, Suite 1500 | 820 N. French Street, 6th Floor |
| P. O. Box 2306 | Wilmington, DE 19801 |
| Wilmington, DE 19899 | (302) 577-8400 |
| (302) 888-6860 | |

SO ORDERED this ___ day of _____, 2008.

_____
United States District Judge