IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-193-SLR |
| | ) |
| NATE GARDELS, and MICHAEL ALLEN, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff moves to exclude the introduction into evidence of the convictions of Anibal Melendez ("Melendez"), Brian Stewart ("Stewart"), and Curtis Evans ("Evans"). The grounds for this motion are as follows:

1. On December 10, 2003, Melendez was assaulted by the Defendants, two correction officers, while he was in his cell in the Delaware Correctional Center. Inmates Stewart and Evans witnessed the assault. Because the assault took place in a prison, the jury will undoubtedly realize that Melendez, Stewart, and Evans were convicted of some type of crime. However, pursuant to Rules 609 and 403, the prejudicial value of the nature and details of those convictions substantially outweighs the very little probative value of those convictions to the credibility of the witnesses.

2. Explaining that the admission of felony convictions not involving dishonesty is subject to the Rule 403 balancing test, the relevant portion of Rule 609 of the Federal Rules of Evidence provides:

> (a) General rule.--For the purpose of attacking the character for truthfulness of a witness,

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, *subject to Rule 403*, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused;

Fed. R. Evid. 609(a)(1) (emphasis added). In turn, Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

3.  "The party seeking to introduce the prior convictions [into] evidence bears the burden of demonstrating the convictions survive the Rule 609 test." *Marvel v. Snyder*, 2003 WL 22134838, at *2 (D. Del. Sept. 9, 2003); *accord Robinson v. Clemons*, 1998 WL 151285, at *2 (D. Del. March 24, 1998). When determining whether or not to admit a conviction that does not involve dishonesty into evidence, this Court considers five factors:

> 1) the nature (i.e., impeachment value) of the prior conviction; 2) the age of the conviction and the [witness's] subsequent criminal history; 3) the similarity between the prior conviction and the charges for which the [witness] is on trial; 4) the importance of the [witness's] testimony; and 5) the importance of the [witness's] credibility.

*Marvel*, 2003 WL 22134838, at *2.

4.  Applying these five considerations, the Defendants will be unable to meet their burden. Melendez was convicted of murder, Stewart was convicted of rape, and Evans was convicted of attempted murder.[1] The *Marvel v. Snyder* case is directly on point. As in this case, the *Marvel* case also involved a prisoner civil right action. *Marvel*, 2003 WL 22134838, at *1. There, the defendants attempted to offer evidence of the plaintiff's convictions for unlawful

---

[1] To the extent the Defendants intend to offer other crimes not involving dishonesty, these convictions should also be excluded.

2

sexual intercourse, unlawful imprisonment, assault, and violation of parole. *Id..* Finding that the five considerations weighed against admitting the convictions, the Court found:

> One, the nature of the convictions, while serious, and, thus, possibly probative of the plaintiff's disregard for the rules of society, is not necessarily probative of his veracity within the context of this action. Additionally, the heinous nature of the offenses and their potential to inflame the jury tips the balance against admission. *Robinson*, 1998 WL 151285, at *2. Two, although the plaintiff is still serving out the sentence for the 1990 convictions, their age likely reduces their probative value, but, given their disturbing nature, fails to soften their prejudicial effect. Three, there is no similarity between the present civil claims and the past criminal charges, thereby favoring admission. *Id.* at *3. There is no direct substantive relation between the convictions and the civil retaliation claims thereby arguably reducing the risk that the jury will consume the information as "propensity" evidence. Still, there is a substantial risk that the evidence will prevent the jury from considering it for impeachment purposes only and remain unbiased, even with the guidance of a limiting instruction. Four, Marvel's allegations make up much of his case, therefore, to debilitate him as a witness by disabling the jury from considering his testimony with an unbiased perspective would deprive him of his ability to present an effective case. Five, although Marvel's credibility is important to the case and thereby open to attack, the defendants have enough other impeachment material so that admission of the conviction evidence is unnecessary, and would certainly be unduly prejudicial.

*Marvel*, 2003 WL 22134838, at *4.

5.  The convictions at issue in this case should be excluded for the same reasons articulated by the Court in *Marvel*. First, the convictions the Defendants intend to offer are violent in nature: murder (Melendez); rape (Stewart); and attempted murder (Evans). All of these crimes are violent crimes rather than crimes relating to dishonesty. Accordingly, the impeachment value is low, "since crimes involving only physical violence are not significantly associated with veracity." *Robinson*, 1998 WL 151285, at *3. Moreover, as in *Marvel*, "the heinous nature of the offenses and their potential to inflame the jury tips the balance against admission." *Marvel*, 2003 WL 22134838, at *4.

6.  Second, the convictions at issue are not recent. The length of time since the convictions reduces the probative value, but the prejudicial value of murder, rape, and attempted

3

murder is in no way reduced by the length of time since the convictions. *See id.* Accordingly, the second factor weighs against admissibility.

7. Third, admittedly, there is apparently no relation between the criminal convictions for murder, rape, and attempted murder and the guards' assault on Melendez. Therefore, the risk of the jury viewing the convictions as propensity evidence is more reduced than in a situation where there are allegations of violence on the part of the inmate. However, as the Court found in *Marvel*, "there is a substantial risk that the evidence will prevent the jury from considering it for impeachment purposes only and remain unbiased, even with the guidance of a limiting instruction." *Id.*

8. Fourth, as in *Marvel*, much of Melendez's case is based on his own testimony. Accordingly, with the probative value of the convictions so low, it is unfair to irreparably debilitate Melendez's testimony with the prejudicial effect of the convictions. *See id.*; *see also Miller v. Hoffman*, 1999 WL 415402, at *3 (E.D. Pa. June 22, 1999) (finding that this factor weighed against admissibility because the plaintiff's testimony was so critical to the case).

9. Fifth and finally, although Melendez's credibility is important to the case, the Defendants have methods of attacking the credibility of Melendez's case other than introducing his convictions and those of the eyewitnesses. *See id.* In particular, Defendants can, and undoubtedly will, offer the testimony of the correction officers that contradicts the testimony of Melendez and the eyewitnesses. Additionally, because the assault took place in a prison, the jury will know that Melendez, Stewart, and Evans were convicted of some crime. "The mere fact of incarceration in a state correctional institution . . . is a significant tool for undermining the credibility of an inmate witness, and that incarceration will become known to the jury in this case." *Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995). A murder conviction,

however, "has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired." *Id.* Similarly, the rape and attempted murder convictions of the eyewitnesses also have the potential to prejudice the jury and impair a fair consideration of the merits of the case. *See id.* Because the Defendants may attack the credibility of Melendez and his witness through contradictory testimony and because their credibility will already be weakened by the fact of their incarceration, the fifth factor weighs against the convictions being admitted.

10.   In conclusion, all five considerations that this Court relied on in *Marvel* and *Robinson* weigh against allowing the introduction of the convictions into evidence.

WHEREFORE, Plaintiff respectfully requests that the Court order that the convictions of Melendez, Stewart, and Evans are inadmissible.

MORRIS JAMES LLP

Edward M. McNally (#614)
Jason C. Jowers (#4721)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6800
emcnally@morrisjames.com
jjowers@morrisjames.com
*Attorneys for Plaintiff Anibal Melendez*

Dated: May 27, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-193-SLR |
| | ) |
| NATE GARDELS, and MICHAEL ALLEN, | ) |
| | ) |
| Defendants. | ) |

**RULE 7.1.1 CERTIFICATE TO PLAINTIFF'S MOTION IN LIMINE**

The undersigned certifies that the Plaintiff has made reasonable efforts to reach an agreement with opposing counsel on the matters set forth in Plaintiff's Motion in Limine.

MORRIS JAMES LLP

Edward M. McNally (#614)
Jason C. Jowers (#4721)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6800
emcnally@morrisjames.com
jjowers@morrisjames.com
*Attorneys for Plaintiff Anibal Melendez*

Dated: May 27, 2008

JCJ/077777-0090/1786071/1