## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANIBAL MELENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-193-SLR |
| v. | ) | |
| | ) | |
| NATE GARDELLS and | ) | |
| MICHAEL ALLEN, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION *IN LIMINE*

Defendants Nate Gardells and Michael Allen hereby move for an order precluding the introduction of any evidence or argument at trial that Plaintiff sustained non-visual physical injuries as a result of Defendants' conduct. Defendants' motion is based upon Plaintiff's failure to designate a medical expert or offer expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and F.R.E. 702. In support thereof, Defendants state as follows:

1.     On March 30, 2004, Plaintiff initiated the above-captioned action by filing a complaint in District Court. D.I.2. In his Complaint, Plaintiff claims that the Defendants used excessive force on him in December 2003.

2.     On May 24, 2004, Plaintiff amended his Complaint (D.I.11)[1]. In the Amended Complaint, Plaintiff realleges his excessive force claim, stating that he sustained a number of physical injuries, including "laceration to his face and scalp and numerous bruises and abrasions to his back, side, chest, face and head." D.I.11, ¶20. Plaintiff claims that he "is in great pain and his neck is stiff and does not turn properly."

---

[1] Plaintiff later obtained leave from the Court to correct spelling errors in this filing. *See* D.I.53,77.

*Id.* at ¶32.  As part of his Relief Requested, Plaintiff asks for "physical therapy or other follow-up medical treatment to be evaluated by a medical practitioner with expertise in the treatment and restoration of function of neck injurie [sic]."  *Id.* at ¶B.1

3.      At his July 14, 2005 deposition, Plaintiff was asked whether he had any physical problems that were caused by the alleged assault.  Plaintiff responded "Yes. Neck….When I turn, it feels like a pain, like a sharp pain."  *Exhibit 1 – Excerpt of Plaintiff's Deposition* at 82:2 and 82:20-21.

4.      There is no medical evidence indicating that Plaintiff sustained any injuries that are attributable to an assault by the Defendants.  On the date of the alleged incident, Plaintiff claims he was suicidal and tried to hang himself from a ceiling vent in his cell.  *Id.* at 61:13-24; 62:1-5; 63:1-20.

5.      In a *42 U.S.C. §1983* action for excessive force, the plaintiff bears the burden of proving that the defendants' conduct is the proximate cause of his injuries. *Rivas v. City of Passaic*, 365 F.3d 181, 191-93 (3d Cir. 2004).  Where specialized knowledge is necessary to determine a fact in issue, the jury should be presented with expert testimony in order to help them make this determination.  F.R.E. 702. Determining the causation of medical conditions (such as the musculoskeletal injuries that have been alleged here) certainly requires such specialized knowledge.  "Except where the cause of an injury is apparent to a layman from common knowledge or experience, expert medical testimony is required to prove causation."  *Lewis v. Bd. Of Sedgwick County Commissioners*, 140 F.Supp.2d 1125, 1140 (D. Kan. 2001).

6.      Certainly, Plaintiff should be permitted to testify that he was in pain as a result of the Defendants' alleged conduct.  However, any claims of physical damage to

Plaintiff's face, head, chest, neck, back, side, etc. are injuries that require expert medical testimony to establish causation.  *See Lewis,* 140 F.Supp.2d at 1140.

7.    Pursuant to Rule 26(a)(2)(C), disclosure of an expert witness must be made at least 90 days before the trial date, in the absence of other instructions by the Court.  However, opposing counsel has advised Defendants that only the Plaintiff and two other lay witnesses will testify during Plaintiff's case-in-chief.

8.    Plaintiff has failed to provide any medical evidence or expert medical testimony that would allow a jury to conclude that Plaintiff suffered a physical injury or medical condition as a result of the Defendants' conduct.  Therefore, Plaintiff cannot establish causation and should be precluded from offering arguments or evidence at trial of any physical injury caused by the alleged assault.

WHEREFORE, Defendants respectfully request that this Honorable Court grant the Motion and enter an Order, substantially in the form attached hereto, precluding the Plaintiff from offering any evidence or argument that he suffered physical injuries or medical condition(s) as a result of the Defendants' conduct.

Respectfully submitted,

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Catherine Damavandi_____
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATE: May 27, 2008

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ANIBAL MELENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-193-SLR |
| v. | ) | |
| | ) | |
| NATE GARDELLS and | ) | |
| MICHAEL ALLEN, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I certify that on May 27, 2008, I electronically filed *Defendants' Motion In Limine* with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

> Jason C. Jowers, Esq.
> jjowers@morrisjames.com
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, DE  19899
>
> Edward M. McNally, Esq.
> emcnally@morrisjames.com
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, DE  19899

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Catherine Damavandi
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATE: May 27, 2008