IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-193-SLR |
| | ) |
| NATE GARDELLS, and MICHAEL ALLEN, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN *LIMINE***

Plaintiff Anibal Melendez ("Melendez") hereby responds to Defendants Nate Gardells and Michael Allen's Motion in Limine ("Motion") as follows.

Background

1. This is a Civil Rights Act case. Melendez's complaint alleges that he was beaten by Defendants Gardells and Allen, without justification while he was incarcerated at the Delaware Correctional Center on December 10, 2003.

2. To support this claim, Melendez will testify himself and call two witnesses who occupied the prison cells next to his on the day he was beaten and who are expected to collaborate his claim. In addition, Melendez will introduce into evidence his medical records that show on the date of his beating that Melendez had bruises and other visible signs of injuries to his body.

3. The defense in this case is limited to a flat denial that either defendant even entered Melendez's prison cell on the date in question, except to talk him out of

attempting suicide much later that same day. They deny that Melendez was injured in any way by them at that time.

### The Issue Presented

4. The Motion seeks inconsistent forms of relief. Initially, the Motion states it seeks to preclude evidence or argument "that Plaintiff sustained <u>non-visual</u> physical injuries as a result of Defendants' conduct." (Motion at page 1, underlining supplied). Later, however, the Motion seeks an order precluding "<u>any</u> evidence or testimony at trial that [plaintiff] suffered physical injuries or medical condition(s) … as a result of the Defendants' conduct." (*See* Order attached to Motion).

5. The Motion admits "Plaintiff should be permitted to testify that he was in pain as a result of the Defendants' alleged conduct." (Motion, ¶5). Further, Defendants' counsel has confirmed that there will be no objection to the admission into evidence of Melendez's medical records.

6. Melendez does not intend to offer direct testimony that he has incurred any permanent injury as a result of Defendants' conduct. He does, as noted, expect to testify he was injured by Defendants and had the visible bruises to collaborate that testimony.

### Argument

7. It is well settled law that a lay witness may testify "based on his own experience, knowledge and facts of a particular case [without] giving 'expert testimony'." *Laws v. Webb*, 658 A.2d 1000 (Del. Supr. 1995). The sole decision relied in the Motion recognizes that is the law. *See Lewis v. Rd. of Sedgwick County Commissioners*, 140 F. Sup.2d 1125. (D. Kan. 2001).

8.   Generally, it is well-settled that no causation expert is necessary when the cause of an injury would be apparent to the jury. *See, e.g., Van Auken v. David A. Bramble, Inc.*, 2006 WL 3844202, at *1 (Del. Super. Ct. Dec. 20, 2006).1 Federal courts have applied this same rationale in excessive force cases. In *Wagner v. Bay City*, 27 F.3d 316 (5th Cir. 2000), the plaintiff alleged arresting officers used excessive force when arresting the decedent, Gilbert Gutierrez. The officers sprayed him repeatedly with pepper spray, pushed him to the ground, and arrested him. *Id.* at 319. That same day Gutierrez fell into a coma and died. *Id.* The defendants argued that the district court erred in not requiring expert testimony as to causation. Rejecting this argument, the Fifth Circuit found:

> [T]he district court correctly concluded that Wagner made a plausible argument that Gutierrez's injury directly and exclusively resulted from his altercation with defendants Hadash and Mirelez. A reasonable jury could conclude that the use of pepper spray, combined with the fact that the officers repeatedly pushed him face-first to the ground, could have resulted in Gutierrez's stopping breathing. Perhaps Wagner could have provided expert medical testimony to support her claims, but common sense compels the conclusion that Gutierrez's injuries resulted from his altercation with the police, and there is no requirement that medical testimony be presented to establish causation.

*Id.* at 320 n.3.

As in *Wagner*, Mr. Melendez and the eyewitnesses will testify that on December 10, 2003, Melendez was attacked by the Defendants. Mr. Melendez will certainly testify to the locations of the physical injuries from the attack and the pain he felt at the time of the attack and in the time period following the attack. The medical records from the same

---

1   "[T]he Supreme Court has made it crystal clear that principles of causation borrowed from tort law are relevant to civil rights actions brought under section 1983." *Buenrostro v. Collazo*, 973 F.2d 39, 45 (1st Cir. 1992).

day, which Defendants have stipulated may be admitted, indicate injuries on his side, back, and head. In short, the causes of Mr. Melendez's injuries will be apparent to a lay jury through their common sense and experience. An expert is not necessary.

WHEREFORE, Melendez requests that the Motion be denied.

MORRIS JAMES LLP

*/s/ signature/*

Edward M. McNally (I.D. No. 614)
Jason C. Jowers (I.D. No. 4721)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899
Telephone: 302-888-6800
Facsimile:  302-571-1750
emcnally@morrisjames.com
jjowers@morrisjames.com
*Attorneys for Plaintiff Anibal Melendez*

Dated: June 2, 2008