IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-193-SLR |
| | ) |
| NATE GARDELS and MICHAEL ALLEN, | ) |
| | ) |
| Defendants. | ) |

**PRETRIAL ORDER**

Pursuant to L.R. 16.4, the parties to this action, by and through their respective attorneys, hereby stipulate to the following Pretrial order.

1. Statement Of The Nature Of The Action

This is a Civil Rights Action, filed under 42 U.S.C. § 1983. The Plaintiff is Anibal Melendez ("Mr. Melendez"). Mr. Melendez filed his complaint on March 30, 2004, alleging that the Defendants used excessive force against him on December 10, 2003, when he was admitted to the Delaware Correctional Center ("DCC").

The Defendants named in the Complaint are two correctional officers at DCC who allegedly violated Mr. Melendez's rights. Defendants have denied the allegations of Mr. Melendez. Moreover, by its Memorandum Opinion of August 4, 2006, this Court has dismissed the claims against other defendants.

2. Basis For Jurisdiction

This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983. Mr. Melendez alleges that his Civil Rights were violated by the Defendants acting under color of state law.

    3.    <u>Statement Of Facts That Are Admitted</u>

The following facts shall be deemed admitted and no further proof of them shall be required at trial:

    a.    On December 10, 2003, Mr. Melendez was incarcerated at the Delaware Correctional Center ("DCC").

    b.    James "Nate" Gardels and Michael Allen were correctional officers at DCC.

    c.    On December 10, 2003, Mr. Melendez was taken to the infirmary at DCC under the belief he would commit suicide.

    4.    <u>Issues Of Fact</u>

    a.    <u>Plaintiff's Issues</u>

    i.    Did Defendants use excessive force on Mr. Melendez on December 10, 2003, without justification intending to harm him?

    ii.    Did Defendants injure Mr. Melendez?

    iii.    What are Mr. Melendez's damages?

    b.    <u>Defendants' Issues</u>

    i.    Were Defendants working in Plaintiff's tier when the alleged incident occurred?

    ii.    Did the alleged incident occur?

    iii.    Were the Defendants justified in their use of force during the alleged incident?

    iv.    Did Plaintiff suffer non-deminimus injuries from the alleged incident?

5. <u>Issues Of Law</u>

   a. <u>Plaintiff's Issues</u>

   i. May the Defendants refer to the crimes that Plaintiff or his witnesses committed? *See* Plaintiff's Motion In Limine.

   b. <u>Defendants' Issues</u>

   i. May the Plaintiff testify his injuries were caused by Defendants? *See* Defendants' Motion In Limine.

   ii. Did Plaintiff exhaust his administrative remedies as required by the Prison Litigation Reform Act?

6. <u>Exhibits</u>

The following exhibits are to be admitted into evidence without objection unless otherwise noted:

   a. <u>Plaintiff's Exhibits</u>

   i. See Exhibit "A" attached hereto. Defendants object to Exhibits 1 and 2; Defendants had agreed to their admission if Plaintiff would stipulate to the admission of his medical records.

   b. <u>Defendants' Exhibits</u>

   i. See Exhibit "B" attached hereto.

7. <u>Witnesses</u>

   a. <u>Plaintiff's Witnesses</u>

   i. Anibal Melendez

   ii. Brian Stewart

   iii. Curtis Evans

       Defendants object to witnesses Brian Stewart and Curtis Evans on the grounds of late notice.

    b.    <u>Defendants' Witnesses</u>

        i.    James Gardels

        ii.    Michael Allen

        iii.    James Scarborough (knowledge of procedures and custodian of records)

        iv.    Ron Hosterman (knowledge of procedures and custodian of records)

        v.    Cindy Wright (custodian of records)

        vi.    Robert Harris

8.    <u>Statement Of What Plaintiff Intends To Prove</u>

Mr. Melendez intends to prove that Defendants beat him severely on December 10, 2003, without any reason to do so and injured him as a result.

9.    <u>Statement Of What Defendants Intend To Prove</u>

Mr. Gardels and Mr. Allen intend to prove that the alleged incident never occurred, and that Plaintiff's recollection is mistaken.

10.    <u>Amendment To The Pleadings</u>

None.

11.    <u>Certification</u>

The attorneys for the parties hereby certify that two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement.

12. <u>Conclusion</u>

This order shall control the subsequent cause of the action unless modified by the Court to present manifest justice.

MORRIS JAMES LLP

/s/ Edward M. McNally
Edward M. McNally (#614)
Jason C. Jowers (#4721)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899
(302) 888-6800
Attorneys for Plaintiff
emcnally@morrisjames.com
jjowers@morrisjames.com

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi
Catherine Damavandi (#3823)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Catherine.Damavandi@state.de.us
Attorney for Defendants

Dated: June 3, 2008