IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATE GARDELLS and )<br>MICHAEL ALLEN, )<br>)<br>Defendants. ) | C.A. No. 04-193-SLR |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFF'S MOTION IN LIMINE ON PRIOR CONVICTIONS**

Defendants Nate Gardells and Michael Allen hereby oppose Plaintiff's motion to exclude evidence of the prior convictions of their trial witnesses. The reasons that such evidence should be admitted are as follows:

1.  In late May 2008, Plaintiff informed Defendants that convicted felons Curtis Evans, Brian Stewart and Anibal Melendez would testify in Plaintiff's case in chief.

2.  Defendants do not yet have the full criminal history of Plaintiff's witnesses. However, Defendants are aware that Plaintiff's witnesses have, collectively, been convicted of felony robbery, burglary, possession of a deadly weapon by a person prohibited, and assault, all within the past ten (10) years.

3.  The Third Circuit has held that "if [a] prior conviction involved dishonesty or false statements, the conviction is automatically admissible insofar as the district court is without discretion to weigh the prejudicial effect of the proffered evidence against its probative value." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 523 (3d Cir.1997). Should Defendants learn of any convictions of Plaintiffs' witnesses involving dishonesty,

these convictions will be raised on cross-examination for impeachment purposes pursuant to Rule 609(a)(2).

4.      Regarding the other felony convictions of Plaintiff's three witnesses, the Third Circuit has held that "it is proper to admit evidence of the type of felony involved in a prior conviction used for impeachment under Fed.R.Evid. 609(a)(1)." *United States v. Jacobs*, 44 F.3d 1219, 1255 n. 6 (3d Cir.1995).    "The nature of the offense (although not the details) is *always* something that can be elicited on cross-examination." *United States v. O'Driscoll*, 2003 WL 1401891, at *3 (M.D.Pa. Jan 22, 2003)(emphasis added).

5.      In his Motion *in Limine*, Plaintiff concedes that the jury will learn that all Plaintiff's witnesses are current or past inmates. While Plaintiff makes vague and passing references to "prejudice," he does not identify what those prejudices are. As one Court has pointed out:

> There is no precedent for withholding the identity of the felony from the jury when using a conviction to impeach a witness's testimony, and we are not minded to create one. Most jurors have only an indistinct sense of the range of offenses connoted by the term 'felony'; defining it as a crime punishable by death or imprisonment for more than one year (the federal- not universal- definition) would add little to their understanding. Rule 609 and the common law tradition out of which it evolved rest on the common-sense proposition that a person who has flouted society's most fundamental norms, as embodied in its felony statutes, is less likely than other members of society to be deterred from lying under oath, the (miniscule) danger of a prosecution for perjury, or internalized ethical norms against lying. If so, this is something a jury should be permitted to take into account in evaluating a witness's believability. The jury cannot do this if all that is told is that the witness was convicted of a 'felony.' The crime must be named. It always has been where impeachment by a prior conviction has been permitted.

*United States v. O'Driscoll*, 2003 WL 1401891, at *3 (M.D.Pa. Jan 22, 2003)(citing *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir.1987)).

2

6.  Plaintiff enunciates the five-factor test cited in *Marvel v. Snyder*, 2003 WL 2213838 (D.Del. September 9, 2003) for weighing the probative value of the evidence where convictions are presented pursuant to Rule 609(a)(1):  (1) the nature of the prior conviction, (2) the age of the conviction and the witness's subsequent criminal history; (3) the similarity between the prior conviction and the charges for which the witness is on trial; (4) the importance of the witness's testimony; and (5) the importance of the witness's credibility.

7.  The first factor, the nature of the prior conviction, refers to impeachment value.  In *Marvel*, Judge Sleet acknowledged that "bank robbery and kidnapping convictions 'involve dishonesty or at least an inclination not to abide by society's rules….Both types of crime demonstrate a complete lack of respect for the law and the rights of other individuals and suggest that if such person is willing to engage in such conduct he may well have no problem testifying falsely at trial.'"  *Marvel* at *9 (citing *United States v. O'Driscoll*).  Thus, the convictions of robbery, burglary, possession of a deadly weapon by a person prohibited, and assault by Plaintiff's witnesses have impeachment value.

8.  Regarding the second factor of time, these convictions (of felony robbery, burglary, possession of a deadly weapon by a person prohibited, and assault) occurred within the past ten years.  Accordingly, the temporal bar established in Rule 609(b) will not be triggered.

9.  For the third factor, the similarity between the prior conviction and the charges for which the witness is on trial, only applies to the Plaintiff, as the two inmate witnesses are not "on trial."  Plaintiff bears convictions of assault within a detention facility, possession of a deadly weapon by a person prohibited, assault and murder.  There is a similarity between Plaintiff's conviction of assault within a detention facility; however, here, Plaintiff is not accused of assault or using excessive force.  Therefore, the jury will not infer that "because plaintiff committed such acts in the past, he probably

3

committed them in this case." *Marvel* at *7 (citing *Robinson v. Clemons*, 1998 WL 151285).  Plaintiff is not accused of committing *any* acts; clearly, this factor does not apply with regard to Plaintiff's assault conviction, or any other felony conviction of the Plaintiff.

10. For the fourth and fifth factors, the importance of the witnesses' testimony and credibility, Plaintiff's witnesses' testimony and credibility are important factors in this case, because the parties' stories are in conflict.  If a case is "largely a contest of stories…the credibility of the plaintiff will be important.  As a result, the last factor argues for admissibility." *Marvel* at *8 (citing *Robinson v. Clemons*, 1998 WL 151285).

11. Defendants have demonstrated that Plaintiff's witnesses' prior felony convictions are permissible under Rule 609(a)(1).  Plaintiff's motion to exclude this evidence should be denied.

                                                  Respectfully submitted,

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Catherine Damavandi_____
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATE: June 3, 2008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 04-193-SLR |
| v. | ) |
| | ) |
| NATE GARDELLS and | ) |
| MICHAEL ALLEN, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I certify that on June 3, 2008, I electronically filed *Defendants' Opposition to Plaintiff's Motion In Limine* with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

> Jason C. Jowers, Esq.
> jjowers@morrisjames.com
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, DE  19899
>
> Edward M. McNally, Esq.
> emcnally@morrisjames.com
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, DE  19899

>> **STATE OF DELAWARE**
>> **DEPARTMENT OF JUSTICE**
>>
>> /s/ Catherine Damavandi
>> Catherine Damavandi (ID # 3823)
>> Deputy Attorney General
>> Delaware Department of Justice
>> 820 N. French Street, 6th Floor
>> Wilmington, DE 19801
>> (302) 577-8400
>> Attorney for Defendants

DATE: June 3, 2008