IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-193-SLR |
| | ) |
| NATE GARDELS and MICHAEL | ) |
| ALLEN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 5th day of June, 2008, having reviewed the parties' motions in limine and the responses thereto;

IT IS ORDERED that:

1. **Defendants' motion in limine** (D.I. 123) is denied. Plaintiff has consistently alleged, during the course of discovery, that he sustained a number of physical injuries, including "lacerations to his face and scalp and numerous bruises and abrasions to his back, side, chest, face and head." (D.I. 11, ¶ 20) Plaintiff has also claimed that, as a result of the above identified physical injuries, he has suffered pain and a stiff neck. (Id., ¶ 32) The above injuries are apparent to a layman, "and there is no requirement that medical testimony be presented to establish causation." See Wagner v. Bay City, 227 F.3d 316, 320 n.3 (5th Cir. 2000). However, because plaintiff has put his medical condition at issue through his assertions in this case, portions of his medical records

must be admitted.[1]

2. **Plaintiff's motion in limine** (D.I. 122) is granted, as identifying the crimes of conviction for each of plaintiff and his two witnesses would be unduly prejudicial pursuant to Fed. R. Evid. 403.   The fact that these three individuals are incarcerated as convicted felons sufficiently demonstrates their "'inclination not to abide by society's rules.'" Marvel v. Snyder, 2003 WL 22134838, at *3 (D. Del. Sept. 9, 2003) (citation omitted).   Therefore, identifying the crimes of violence of which each of these individuals is convicted only serves to inflame the jury and carries the "substantial risk that the evidence will prevent the jury from considering it for impeachment purposes only and remain unbiased, even with the guidance of a limiting instruction." Id., at *4. Because the case hinges on the credibility of the witnesses, I believe it is critical to have the jury judge the witnesses' credibility based upon their demeanor in the courtroom and the substance of their testimony, without the distraction of a label that describes past conduct unrelated to specific instances of dishonesty or to the conduct at bar.[2]

United States District Judge

---

[1]I am unclear as to whether plaintiff objects to this or not, given the discussion of such in the pretrial order. (See D.I. 127, ¶ 6.a.i.)

[2]With respect to the factor of time, while I have been informed that the ten-year trigger of Rule 609(b) is not in play, I have not been informed as to how much time has elapsed since the time of conviction. Consequently, I have not weighed this factor in my analysis.