IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANIBAL MELENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-193-SLR |
| v. | ) | |
| | ) | |
| NATE GARDELLS and | ) | |
| MICHAEL ALLEN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S WITNESS CURTIS EVANS**

Defendants Nate Gardells and Michael Allen, by and through their undersigned counsel, hereby move for an order pursuant to Federal Rule of Evidence 602 striking Plaintiff Anibal Melendez's proposed witness Curtis Evans. In support thereof, Defendants state as follows:

1. Plaintiff Anibal Melendez ("Plaintiff") has a single pending excessive force claim against Defendants Nate Gardels and Michael Allen ("Defendants").

2. On May 22, 2008, Defendants were informed that Plaintiff intends to call Curtis Evans as a witness at trial. Later that day, Defendants filed a motion to take the deposition of Curtis Evans, an incarcerated individual, pursuant to Fed. R. Civ. P. 30(a)(2). (D.I.122) The motion was granted on May 30, 2008.

3. Curtis Evans was deposed on June 9, 2008. He was repeatedly asked whether he observed the Defendants strike the Plaintiff. He answered:

> Q:  And do you remember any incident that occurred in December 2003 with Mr. Melendez?
>
> A:  That's it. When it comes to that, I'm going to say no. I told him that I was going to say exactly what I saw and what I remember. (Indicating.) And I don't know how much help I was going to be to Melendez anyway. Because my cell can't, actually, see in his cell. Do you see what I'm saying?

       \*    \*    \*

Q: Can you just tell us what it is you saw?

A: I didn't see nothing.

Q: Did you hear anything?

A: No.

Q: Do you know if there was an incident that—

A: I'm saying, I don't want to lie. I don't want to say I'm lying. I'm, basically, done with that part of the question.

       \*    \*    \*

Q: In December of 2003, did you ever hear what might have sounded like a scuffle or a conflict going on in Mr. Melendez's cell?

A: I don't want to comment on that.

Q: You're under oath. Do you know whether—

A: Right. That's why I'm not going to lie. I just said, I don't want to comment.

       \*    \*    \*

Q: I'm here to ask you about what you saw, if anything, in December of 2003. So, I'm going to go back and ask you the question, did you see an assault, and you're under oath. In December, did you see, hear, or observe an assault of Anibal Melendez in December of 2003?

A: And I'm going to say that I refuse to comment.

Q: And I'm going to ask you again, if you are called as a witness in trial on June 24th or 25th of 2008, are you going to testify as to what you saw or heard?

A: I didn't say I saw or heard anything.

Q: Will that be your answer, that you didn't see or hear anything?

A: My answer will be, I refuse to comment. Bringing me there would be a waste of time.

Q: Because I'm asking you these questions today, in advance of trial, and we are

        asking you these questions under oath.

A:     Okay. You don't have to worry about me switching up once I get to trial or anything like that.

    \*    \*    \*

Q:     You've testified a lot that you don't remember what happened before Melendez tried to commit suicide. Is it accurate to say that if you did remember anything about what happened that day, beside the suicide, you're not going to tell us. Is that correct?

A:     Yes. Correct. Damn, you should have been my lawyer. He's good.

*Exhibit 1, Deposition of Curtis Evans, pp. 5, 5-6, 8-9, 13-14, 50-51.*

    4.     Federal Rule of Evidence 602 states that "a witness may not testify to a matter unless evidence is introduced sufficient to show a finding that the witness has personal knowledge of the matter."

    5.     Curtis Evans repeatedly testified at his deposition that he did not observe an altercation between the Defendants and the Plaintiff in December 2003. Therefore, he should be excluded as a witness at trial, as he has no personal knowledge of the event, and his testimony is not relevant to the allegation of excessive force that supposedly occurred on December 10, 2003. His testimony would not have "any tendency to make the existence of any fact that is of consequence to the determination more probable or less probable than it would without the evidence," which is a required showing for relevant evidence, pursuant to F.R.E. 401.

    6.     Moreover, Curtis Evans repeatedly insinuated during his deposition that unnamed correctional officers would retaliate against him if he testified at trial. Such inflammatory statements create unfair prejudice to the Defendants, cause confusion of the issue at hand (excessive force versus retaliation), are misleading to the jury, and are a waste of time.

    7.     Curtis Evans should be stricken as a witness. A proposed form of order is

attached, prohibiting him from appearing as a witness on the grounds that he is not competent to testify on the relevant matters in this case.

WHEREFORE, Defendants respectfully request that the Court enter an order barring any testimony from proposed witness Curtis Evans.

                                  **STATE OF DELAWARE**
                                  **DEPARTMENT OF JUSTICE**

                                  /s/ Catherine Damavandi
                                  Catherine Damavandi (ID # 3823)
                                  Deputy Attorney General
                                  State of Delaware Department of Justice
                                  820 N. French Street, 6th Floor
                                  Wilmington, DE 19801
                                  (302) 577-8400
                                  Attorney for Defendants

DATE: June 20, 2008

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANIBAL MELENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 04-193-SLR |
| v. | ) |
| | ) |
| NATE GARDELLS and | ) |
| MICHAEL ALLEN, | ) |
| | ) |
| Defendants. | ) |

### 7.1.1 CERTIFICATE OF COUNSEL

Undersigned counsel hereby certifies, pursuant to Local Rule 7.1.1, that:

1. Opposing counsel was contacted regarding Defendants' *Motion to Strike Plaintiff's Witness Curtis Evans*.

2. The undersigned has made a reasonable effort to reach agreement with opposing counsel on the matters set forth in the within *Motion to Strike*.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi_____
Catherine Damavandi (ID # 3823)
Deputy Attorney General
State of Delaware Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants

DATE: June 20, 2008

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANIBAL MELENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 04-193-SLR |
| v. | ) |
| | ) |
| NATE GARDELLS and | ) |
| MICHAEL ALLEN, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I certify that on June 20, 2008, I electronically filed *Motion to Strike Plaintiff's Witness Curtis Evans* with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

>Jason C. Jowers, Esq.
>jjowers@morrisjames.com
>Morris James LLP
>500 Delaware Avenue, Suite 1500
>Wilmington, DE  19899

>Edward M. McNally, Esq.
>emcnally@morrisjames.com
>Morris James LLP
>500 Delaware Avenue, Suite 1500
>Wilmington, DE  19899

>**STATE OF DELAWARE**
>**DEPARTMENT OF JUSTICE**
>
>/s/ Catherine Damavandi_____
>Catherine Damavandi (ID # 3823)
>Deputy Attorney General
>Delaware Department of Justice
>820 N. French Street, 6th Floor
>Wilmington, DE 19801
>(302) 577-8400
>Attorney for Defendants