IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANIBAL MELENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-193-SLR |
| | ) | |
| NATE GARDELLS, and MICHAEL ALLEN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S WITNESS CURTIS EVANS**

Plaintiff Anibal Melendez ("Melendez") hereby responds to Defendants' Motion to Strike Plaintiff's Witness Curtis Evans (the "Motion to Strike") as follows:

1.  Curtis Evans ("Evans") occupied the prison cell next to the cell of Melendez on December 10, 2003, the day Melendez alleges he was assaulted by the Defendants. Evans testified in his deposition that he was able to hear sounds from Melendez's cell through a grate in the wall separating their cells and that they talked to each other.

2.  Evans also testified in his deposition that he would not discuss what he heard at certain times on December 10, 2003, concerning what went on in Melendez's cell because he feared retaliation by prison officials. The jury would be entitled to draw the inference from that testimony that Evans heard the Defendants assault Melendez. Otherwise, Evans would testify that he heard nothing unusual that day. Thus, his testimony meets the "any tendency" criteria for relevant evidence under F.R.E. 401.

3. Defendants main argument is that Evans' testimony, if he says he fears future retaliation, will be "inflammatory" so as to constitute "unfair prejudice." Motion to Strike ¶6.

4. There are ways to address this issue presented by the Motion to Strike. First, the Court may hold a hearing without the jury present to instruct Evans that he must testify as to what he heard on December 10, 2003. Second, the Court may instruct the jurors that it would be improper for them to infer that Defendants are in any way responsible for Evans' fear of future retaliation.

5. Melendez is not responsible for Evans' reluctance to testify and should not be prejudiced by Evans' fears. Defendants are free to argue that Evans' refusal to testify is because he does not want to testify against the interests of his friend, Melendez, and the jurors should infer Evans' testimony would be against Melendez's interests if he testified truthfully.

WHEREFORE, Melendez prays that the Motion to Strike be denied.

MORRIS JAMES LLP

_____
Edward M. McNally (I.D. No. 614)
Jason C. Jowers (I.D. No. 4721)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899
Telephone: 302-888-6800
Facsimile: 302-571-1750
emcnally@morrisjames.com
jjowers@morrisjames.com
*Attorneys for Plaintiff Anibal Melendez*

Dated: June 23, 2008

1825705/1