**ANIBAL MELENDEZ,**

**v.**

**NATE GARDELS and MICHAEL ALLEN**

**Civ. No. 04-193-SLR**

**JURY INSTRUCTIONS**

ROBINSON, D.J.

JUNE 25,    2008

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer; however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case. Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to

follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## NATURE OF THE CASE

This is a civil rights case brought by Anibal Melendez, the plaintiff. The plaintiff is a prison inmate of the Delaware Department of Correction. The defendants are Nate Gardels and Michael Allen, who work for the Delaware Department of Correction. The defendants are being sued personally as individuals by Anibal Melendez. The State of Delaware and the Department of Correction are not defendants in this case.

I will now review the contentions of the parties.

## MULTIPLE DEFENDANTS

There are two individual defendants in this case. Plaintiff has the burden of proving his claim that each of the defendants violated his Constitutional Right to be free from cruel and unusual punishment. Each of the defendants is entitled to a fair consideration of the evidence as it relates to them individually, and of their defenses. Even if you should find against one of the defendants, that should not affect your consideration of the remaining defendant.

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case. Plaintiff has the burden of proving his claims and damages by what is called a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them, and all exhibits received into evidence, regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you, therefore, should put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues in this case.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations to which the parties agreed, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, I do not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When I have sustained an objection to a question addressed to a witness, a jury must disregard the question entirely and may draw no inference from the wording of it or speculate about what the witness would have said if permitted to answer any question.

During the trial, I may have not let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes, I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about

6

them. Do no speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence and you are bound by your oath not to let them influence your decision in any way.

On the other hand, in admitting evidence, I do not pass upon the accuracy, value or weight of the admitted evidence; the impact that it has upon the issues in this case are to be determined solely by you. Thus, in admitting evidence, I have not, and you should not consider that I have, rendered any opinion or conclusion regarding those matters. Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience.

In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that the testimony and other evidence in the case has established.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you cannot do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

## IMPEACHMENT OF CONVICTION OF A CRIME

You have heard the testimony of the plaintiff, Mr. Melendez.  You also heard that plaintiff has been convicted of a crime and has been punished for that crime.

It is not your function today to decide whether plaintiff deserves to be punished for his conduct. The fact of plaintiff's previous conviction, like so many other facts, was offered into evidence as a circumstance you may wish to consider when evaluating plaintiff's credibility. Conviction of a crime does not strip an individual of his constitutional rights and is not alone a reason to deny plaintiff a recovery.

This instruction also applies to the testimony of witnesses who testified on plaintiff's behalf.

## STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. Attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the true or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

## USE OF NOTES

You may use notes taken during the trial to assist your memory. Remember that your notes are for your personal use. They may not be given or read to anyone else. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. Your notes are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights of the trial. Some testimony that is considered unimportant at the time presented and, thus, not written down, may take on greater importance later on in the trial in light of all the evidence presented. Your notes are valuable only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.

13

## CIVIL RIGHTS ACT

Plaintiff's claim is based upon alleged violations of the Civil Rights Act, specifically Section 1983.  That section provides that:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

## ELEMENTS OF SECTION 1983

To establish a claim under Section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

## DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights. If you find that at least one of the defendants is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by that defendant's conduct.

These are known as "compensatory damages". Compensatory damages seek to make the plaintiff whole - that is, to compensate him for the damage that he has suffered. I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

## SPECULATIVE DAMAGES

Merely speculative damages are not recoverable.  Damages are termed speculative when there is merely a possibility, rather than a reasonable probability, that an injury exists or will exist in the future.

## EFFECT OF INSTRUCTION AS TO DAMAGES

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to a verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

## PUNITIVE DAMAGES

You may also decide whether plaintiff is entitled to the award of any punitive damages. The function of punitive damages is to punish the defendants for malicious conduct and to deter similar conduct by others. Whether you decide to award any punitive damages should be based on whether you find that defendants acted willfully, deliberately, maliciously, or with reckless disregard of plaintiff's constitutional rights.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, even if plaintiff can show no serious injuries as a result of defendants' actions, if these actions were deliberate, willful or made with reckless disregard for or indifference to plaintiff's rights, punitive damages are appropriate.

If you decide to award punitive damages, you will have to determine the appropriate sum of money to be awarded. In fixing the sum to be awarded, you should consider the degree to which the defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the defendants or other corrections officers from committing wrongful acts in the future.

19

## DELIBERATION AND VERDICT
## INTRODUCTION

Let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper and put the note in one of the envelopes provided; then give the envelope to the jury officer. The officer will give the envelope to me, and I will respond to your note as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be written and signed by your foreperson, who by custom of this Court is the juror seated in the first seat, first row.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 5-3, or 6-2, or whatever your vote happens to be. That should stay secret until you are finished.

## UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. The verdict form asks you a series of questions about plaintiff's claims. Unless you are directed otherwise in the form of the verdict, you must answer all of the questions posed, and you all must agree on each answer. When you have reached a unanimous agreement as to your verdict, you will return your verdict to the courtroom deputy.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views and keep an open mind as you listen to what your fellow jurors have to say.

Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any member of the jury took notes, let me remind you that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

We generally end our business day at 4:30 p.m. If we do not hear from you by 4:30, I will be sending you a note to see whether you are close enough to a verdict to want to deliberate after 4:30 or whether you are going to recess for the evening and resume your deliberations on the next business day. You will need to respond in writing to that question.

22

I am going to remind you now, if you go home this evening and resume your deliberations on the next business day, you are not to talk about the case among yourselves or with anyone else during the evening recess. You may talk about the case only while you are in the jury room and everyone on the jury is present. Unless I hear from you that you have a different schedule in mind, I will expect you all to come back the next business day at 9:30. You are not to start deliberating until you are all present in the jury room and participating together.

Because the lawyers have to make themselves available to respond to questions or receive the verdict, I generally give them between 1:00 and 2:00 to step away from the phone. So whenever you are deliberating over the lunch hour, let me remind you, if you ask a question between 1:00 and 2:00, you probably will not get an answer right away because we are all going to be stepping away from our phones at that time.

23

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.